DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Robert LaSalle ("LaSalle"), appeals the decision of the Summit County Court of Common Pleas vacating LaSalle's expungement of a domestic violence conviction. We reverse.
 I.
On May 20, 1998, the trial court convicted LaSalle of domestic violence in violation of R.C. 2919.25(A). The court suspended LaSalle's sentence for six months of probation. On November 22, 1999, LaSalle moved the trial court for expungement pursuant to R.C. 2953.32. While the motion was pending before the trial court, an amended version of R.C. 2953.32
became effective. On April 21, 2000, the trial court granted LaSalle's motion and sealed the record of his conviction for domestic violence, a first-degree misdemeanor.
Eight months later, the state moved the trial court to vacate the expungement. The state argued that the amended version of R.C. 2953.32, effective March 23, 2000, did not apply to domestic violence convictions and that the trial court was without jurisdiction to seal LaSalle's conviction. The trial court granted the state's motion to vacate on February 15, 2001.
This appeal followed. LaSalle raises two assignments of error on appeal. The assignments of error will be reviewed out of sequence for ease of discussion.
 II.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FAILING TO CONSIDER AS CONTROLLING THE LAW WHICH EXISTED AT THE TIME OF THE FILING OF THE PETITION FOR EXPUNGEMENT.
 In his second assignment of error, LaSalle argues that the version of R.C. 2953.32 that was in effect at the time he moved the trial court for expungement is the controlling version of the statute. We agree.
The expungement or sealing of a person's record of conviction is governed by R.C. 2953.32 to 2953.36. Expungement is accomplished by eliminating the general public's access to conviction information. On November 22, 1999, the date LaSalle moved the trial court for expungement, R.C. 2953.32, et seq. applied to a first-degree misdemeanor conviction of domestic violence. However, while LaSalle's motion was pending, an amended version of R.C. 2953.36 became effective on March 23, 2000. The amended version provides:
 Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
* * *
 (C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree[.]
 The question before this court is whether the trial court's application of the March 23, 2000 version of the statute was erroneous. R.C. 1.48 provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." "[W]here `there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment.'" Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 106, quoting Kiser v. Coleman (1986), 28 Ohio St.3d 259, 262. The March 23, 2000 version of R.C. 2953.36 is devoid of language expressing an intention that the statute be retrospective. Accordingly, the trial court erred in vacating its judgment of expungement pursuant to the March 23, 2000 version of the statute.
We find that the version of the statute in effect at the time LaSalle moved for expungement is the controlling statute. See State v. Wilfong
(Mar. 16, 2001), Clark App. No. 2000-CA-75, unreported.[1] LaSalle's second assignment of error is sustained and the judgment of the trial court is reversed.
 III.
Assignment of Error No. 1:
 THE TRIAL COURT WAS WITHOUT JURISDICTION TO REVIEW A FINAL APPEALABLE ORDER FROM WHICH NO TIMELY APPEAL WAS TAKEN.
 Lasalle's remaining assignment of error is rendered moot by our disposition of the second assignment of error. The trial court's judgment vacating the expungement order is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
WHITMORE, J. CONCURS.
[1] The Supreme Court of Ohio has held that "[t]he issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly has specified that the statute so apply." Van Fossen, 36 Ohio St.3d at 106. We decline to follow State v. Heaton (1995), 108 Ohio App.3d 38, because its discussion of constitutional retroactivity is not warranted without a threshold showing that the General Assembly intended a retroactive application of amendments to R.C. 2953.36.