CITY OF EUCLID, Appellee,

v.

SATTLER, Appellant.

[Cite as *Euclid v. Sattler* (2001), 142 Ohio App.3d 538.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78178.

Decided April 16, 2001.

*Richard Weigand,* Euclid Prosecuting Attorney, for appellee.

*Ronald C. Lewis,* for appellant.

KARPINSKI, Administrative Judge.

Defendant-appellant Dwayne Sattler appeals the municipal court's denial of his request for expungement of his domestic violence conviction. Appellant pled guilty to the offense in Euclid Municipal Court on January 22, 1998, and was convicted of a misdemeanor of the first degree. He was informed on January 21, 1999, that he would not be eligible for expungement until January 23, 2000.[1] He filed another motion for expungement on February 7, 2000. On March 23, 2000, the Ohio legislature amended R.C. 2953.36 to include a provision excluding certain acts of violence which are first degree misdemeanors from eligibility for expungement.

Appellant's motion for expungement was denied on May 15, 2000. The court's judgment entry stated, the conviction in this case is an offense of violence classified as a misdemeanor of the first degree. Pursuant to R.C. 2953.36(C), such convictions are not subject to R.C. sections 2953.31 to 2953.35. Appellant timely appealed.

Appellant's only assignment of error states as follows:

"The trial court erred in denying appellant's motion for expungement of record [sic] by retrospectively applying Ohio Revised Code Section 2953.36(C) to Ohio Revised Code Sections 2953.31 to 2953.35."

---

1. At the time of his plea, appellant was sentenced to one year of inactive probation. R.C. 2953.32(A) states: "Application [for expungement] may be made" * * * at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

The Ohio Constitution prohibits the passing of retroactive laws. Section 28, Article II. However, the Supreme Court of Ohio has held that this limitation applies only to substantive laws and does not apply to remedial laws. *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 356, 533 N.E.2d 743, 745–746, cited in *State v. Glending* (Oct. 8, 1998), Cuyahoga App. No. 74066, unreported, 1998 WL 703706 at * 1. The court explained that a statute is substantive if it " '[i]mpairs or takes away vested rights, * * * affects an accrued substantive right, * * * imposes new or additional burdens, duties, obligations or liabilities as to a past transaction * * * creates a new right out of an act which gave no right and imposed no obligation when it occurred, * * * creates a new right, * * * or gives rise to or takes away the right to sue or defend actions at law. .* * *' (Citations omitted.) *Van Fossen, supra,* at 107, 522 N.E.2d at 497." *Kneisley* at 356, 533 N.E.2d at 745.

In contrast, " '[a] statute undertaking to provide a rule of practice, a course of procedure or a method of review, is in its very nature and essence a remedial statute.' (Emphasis added.) *Miami [Cty.] v. Dayton* (1915), 92 Ohio St. 215, 219 [110 N.E. 726, 727–728]," cited by *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 3, 21 OBR 266, 267, 487 N.E.2d 285, 287. Rather than addressing substantive rights, "remedial statutes involve procedural rights or change the procedure for effecting a remedy. They do not, however, create substantive rights that had no prior existence in law or contract." *Dale Baker Oldsmobile v. Fiat Motors of N. Am.,* (1986), 794 F.2d 213, 217.

"[I]t is well established in Ohio that the expungement statute set forth in R.C. 2953.31 et seq. is remedial in nature. (Citations omitted.) *Glending* at * 1. As the *Glending* court noted, this Court has held that the retroactive application of R.C. 2953.36 does not violate the prohibition of ex post facto laws in Article I, Section 10 of the United States Constitution." *Id.,* citing *State v. Hartup* (1998), 126 Ohio App.3d 768, 772–773, 711 N.E.2d 315, 318–319.

The Supreme Court also has held that the "[E]xpungement statute is remedial and not substantive in nature: expungement under R.C. 2953.32 is a post-conviction relief proceeding, remedial in nature * * *." *State v. Bissantz* (1987), 30 Ohio St.3d 120, 121, 30 OBR 434, 435, 507 N.E.2d 1117, 1118. A party does not have a vested right to a remedial remedy. As this court explained in *State v. Hartup* (1998), 126 Ohio App.3d 768, 772, 711 N.E.2d 315, 318, " '[d]efendant's interest in expungement here was only in obtaining a potential remedy, not retaining something which had already inured to his benefit.' " *Id.,* citing *State v. T.P.M.* (App.Div.1983), 189 N.J.Super. 360, 368, 460 A.2d 167, 172.

Appellant argues, however, that he filed his motion for expungement prior to the change in the statute and that Hartup applies only to "offenders who were

convicted before its effective date, but who by law could not file motions to seal their records of conviction until after the effective date." *Hartup* at 770, 711 N.E.2d at 317. At the time of the discussion in *Hartup,* this court implied that the answer to the question might be different if the motion for expungement were filed prior to the change in statute. This court focused, however, on the date the defendant's probation expired. "In its simplest terms, no right to apply for expungement exists until all preconditions of R.C. 2953.32 are met. Hence, the effective date of R.C. 2953.36 predated the expiration of defendant's probation, so no possible right to petition for expungement existed on that date." *Id.* at 773, 711 N.E.2d at 319.

We take this opportunity to clarify our position by adopting the holding by the Twelfth District in *State v. Heaton* (1995), 108 Ohio App.3d 38, 669 N.E.2d 885, in which the defendant moved for expungement prior to the change in the statute. In *Heaton,* the defendant had filed his application for expungement three weeks prior to the enactment of the amendment which disqualified him from expungement. He argued "that the retroactive application of amended R.C. 2953.36 to his application for expungement is impermissible because it divests appellant's already vested substantive right of expungement." *Id.* at 39, 669 N.E.2d at 886. Disagreeing, the court differentiated between a privilege and a right: "Expungement is a matter of privilege, never of right." *Id.* at 41, 669 N.E.2d at 887. "[A]ppellant never had a substantive vested right. 'A right cannot be regarded as vested in the constitutional sense unless it amounts to something more than a mere expectation of a future benefit or interest.'" (Citations omitted.) *Id.* at 40, 669 N.E.2d at 887

■ Expungement is a privilege conferred at the discretion of the trial court. Because appellant never had a right to an expungement, the trial court did not violate the rule against retroactive application of the law. Because this request is remedial, it is "exempt from the constitutional prohibition on retroactivity," as the Supreme Court originally held in *Kneisley.*

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Blackmon and Kilbane, JJ., concur.