JOURNAL ENTRY and OPINION
Defendant-appellant Charles McCants appeals the Garfield Heights Municipal Court's denial of his motion to withdraw his guilty plea. We find no merit to the appeal and affirm.
On January 7, 1998, McCants entered a plea of no contest to one count of domestic violence. The trial court found him guilty and sentenced him to 180 days incarceration and imposed a $1,000 fine. The trial court suspended the jail sentence and $900 of the fine and placed McCants on two years probation.
On April 5, 2000, McCants moved to expunge his domestic violence conviction pursuant to R.C. 2953.32. On May 12, 2000, the trial court granted his motion and ordered that the record of his conviction be sealed.
On January 3, 2001, the City of Maple Heights moved to vacate the expungement order because the amended version of R.C. 2953.32, effective March 23, 2000, made domestic violence convictions nonexpungeable, and thus the court was without authority to seal McCants' conviction. The trial court granted the City's motion to vacate on April 11, 2001 on the grounds that it did not have authority to grant the expungement of the domestic violence conviction. No appeal was taken from this order.
Instead, on April 26, 2001, McCants filed a motion to withdraw his guilty plea, arguing that he was induced by the prosecutor to plead no contest by the prosecutor's promise that he could request expungement.
On June 6, 2001, the trial court conducted a hearing on McCants' motion to withdraw. At the hearing, the prosecutor denied that he promised McCants that his conviction "would" be expunged. The attorney who represented McCants at his plea testified that the prosecutor only promised that he "could" apply for expungement and that the City would not oppose the expungement. The trial court denied the motion to withdraw the plea, finding on the record that to allow him to do so would permit him to circumvent the law.
McCants raises two assignments of error on appeal.
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT CHARLES McCANTS' MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE THE PROSECUTOR MADE PROMISES AND AROUSED EXPECTATIONS IN INDUCING THE PLEA WHICH WERE NOT CARRIED THROUGH BY THE PROSECUTOR ON BEHALF OF THE STATE.
McCants claims that he was induced into entering a no contest plea by the City's promise that his conviction could be expunged. He is ineligible for expungement because his conviction for domestic violence falls within an exception to this provision as set forth in R.C.2953.36(C), amended March 23, 2000, which states that R.C. 2953.32 does not apply to convictions of "an offense of violence when the offense is a misdemeanor of the first degree * * *."
Crim.R. 32.1 provides as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
The rule permits a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. State v. Legree (1988), 61 Ohio App.3d 568. The motion to withdraw is permitted only in extraordinary cases and is addressed to the sound discretion of the trial court. State v. Xie
(1992), 62 Ohio St.3d 521. We note that the term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Xie,supra; State v. Montgomery (1991), 61 Ohio St.3d 410.
Whether a party to a plea agreement breached the terms and obligations of the agreement is a matter entrusted to the sound discretion of the trial court. See State v. Smith (1977), 49 Ohio St.2d 261; State v.Blatnik (1984), 17 Ohio App.3d 201. We find that the trial court did not abuse its discretion in the instant case.
Although McCants claims that he was induced into pleading no contest based on the prosecutor informing him that he could expunge his record, we find that his reliance on this representation does not constitute grounds to withdraw his plea. "Expungement is an act of grace created by the State, and so is a privilege, not a right." State v. Hamilton
(1996), 75 Ohio St.3d 636, 639. Even at the time he entered his plea, the law was, and still is, that expungement rests in the discretion of the judge because expungement is not an automatic procedure. State v. Heaton
(1995), 108 Ohio App.3d 38, 40.
McCants, therefore, did not have a vested interest in the expungement at the time of the plea. As this court held in City of Euclid v. Sattler
(2001), 142 Ohio App.3d 538, in addressing the appellant's argument that he had a vested right in the expungement of his conviction: "A right cannot be regarded as vested in the constitutional sense unless it amounts to something more than a mere expectation of future benefit."Id. at 541, quoting, State v. Heaton (1995), 108 Ohio App.3d 38, 40.
Since expungement is a privilege conferred at the discretion of the trial court, McCants had no reason to believe at the time of his plea that expungement of his conviction would definitely occur.[1]
Therefore, the trial court did not err in denying his motion to withdraw his plea based on his mere expectation of being able to apply for expungement.
The first assignment of error is overruled.
 II. THE TRIAL COURT'S DECISION IN DENYING APPELLANT CHARLES McCANTS' MOTION TO WITHDRAW HIS PLEA MUST BE REVERSED BECAUSE SUCH APPLICATION VIOLATES THE CONSTITUTIONAL LIMITATION ON RETROACTIVITY.
McCants argues that the trial court's denial of his motion to withdraw his plea constitutes ex post facto application of the expungement statute. He acknowledges that the ban on retroactivity does not apply to remedial statutes, and that the Ohio Supreme Court has found that the expungement statute is remedial. State v. Bissantz (1987),30 Ohio St.3d 120. He argues, however, that the trial court's denial of his motion to withdraw his plea had a clear substantive effect on him, since he was promised that he could apply for expungement at the time of his plea and now has no avenue to attempt to clear his record.
In order to constitute an ex post facto law, a legislative change must alter the definition of criminal conduct or increase the penalty by which a crime is punishable. Collins v. Youngblood (1990), 497 U.S. 41. In the case herein, the denial of McCants' motion did neither. In fact, at the time he filed his motion to withdraw his plea, he had served his entire sentence.[2] The denial of his motion simply foreclosed his opportunity to have his record sealed, which has been found not to violate the ban against ex post facto application of the law. See, City of South Euclidv. Drago (Apr. 19, 2001), Cuyahoga App. No. 79030, unreported.
The second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. and ANNE L. KILBANE, J. CONCUR.
[1] We find it irrelevant that the trial court initially granted the expungement order because the relevant inquiry is the date McCants entered his plea and the representations made on that date.
[2] A motion to withdraw a guilty plea after a sentence has been served and the fine paid is not moot if the appellant can assert a collateral disability. State v. Berndt (1987), 29 Ohio St.3d 3; State v. Wilson
(1975), 41 Ohio St.2d 236. In the instant case, McCants contends he will lose his current job as a teacher if his conviction stands.