JOURNAL ENTRY AND OPINION
Defendant-appellant Robert Taylor appeals from the vacation of an order granting his motion for expungement. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that appellant, upon entering a plea of guilty with the municipal trial court, was convicted on September 23, 1996 of one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. Thereafter, appellant completed his sentence and paid the assessed fine.
On March 2, 2000, appellant, acting pro se, filed a motion for expungement with the trial court. Subsequent to a hearing on March 22, 2000, expungement was granted on May 4, 2000 (journalized on May 18, 2000). This order of expungement was endorsed as approved by the municipal prosecutor.
On January 3, 2001, the municipal prosecutor filed a motion to vacate the order of expungement, arguing that the underlying domestic violence conviction is not amenable to expungement, which is a remedial measure, because the underlying offense is an offense of violence. See R.C.2919.25(A) and 2953.36(C). Thus, it was argued that the order of expungement was agreed to, and entered, in error, and was void ab initio
due to the appellant being statutorily ineligible for expungement relief.
The county public defender filed a brief in opposition on March 27, 2001 to the motion to vacate arguing that the version of R.C. 2953.36(C) relied upon by the prosecution was amended effective March 23, 2000 (before the order of expungement was journalized). It was this amendment which excluded offenses of violence which are misdemeanors of the first degree or a felony from being expunged. The public defender argued that the amended version of R.C. 2953.36(C), which he conceded was a remedial statute, could not be applied retroactively to appellant because the General Assembly did not affirmatively provide that the statute being amended was to apply to past events and/or pending cases.
On April 11, 2001, without benefit of an oral hearing, the municipal court granted the motion to vacate the order of expungement. Appellant filed a timely notice of appeal on May 10, 2001 from this order of April 11. Two assignments of error, which will be discussed jointly, are presented for review. These assignments provide:
 1. THE GARFIELD HEIGHTS MUNICIPAL COURT HAD THE AUTHORITY TO GRANT APPELLANT'S REQUEST FOR AN EXPUNGEMENT WHEN SUCH REQUEST BROUGHT THE ISSUE BEFORE THE COURT PRIOR TO THE EFFECTIVE ENACTMENT OF THE AMENDED R.C. 2953.36.
 2. THE GARFIELD HEIGHTS MUNICIPAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT AGAINST THE RETROSPECTIVE APPLICATION OF R.C. 2953.36.
In City of Euclid v. Sattler (Cuyahoga, Apr. 5, 2001),142 Ohio App.3d 538, 756 N.E.2d 201, this court addressed a remarkably similar factual pattern to the one sub judice. Also see City of SouthEuclid v. Drago (Apr. 19, 2001), Cuyahoga App. No. 79030, unreported, 2001 Ohio App. LEXIS 1783. Sattler, like the appellant herein, was convicted of domestic violence, a misdemeanor of the first degree, in a municipal court. There is no indication that Sattler did not complete his sentence. Sattler filed for expungement approximately six weeks priorto the amendment of R.C. 2953.36, which amendment would preclude his expungement because of his conviction for a first degree misdemeanor act of violence. Sattler's motion for expungement was denied approximately seven weeks after the amendment of R.C. 2953.36 based on the change in the law which now precluded expungement relief to Sattler.
Sattler, like the appellant herein, argued the same general issue presented herein, namely, that he filed his motion for expungement prior to the amendment of the statute and, therefore, the trial court erred in denying his motion for expungement by improperly applying retrospectively the amended R.C. 2953.36.
In Sattler, we adopted the holding of State v. Heaton (1995),108 Ohio App.3d 38, 669 N.E.2d 885, and found the appellant's argument to be without merit because expungement relief, a remedial measure, was, irrespective of when the motion for expungement was filed, exempt from the constitutional prohibition on retroactivity. Thus, "[B]ecause appellant never had a right to an expungement, the trial court did not violate the rule against retroactive application of the law."142 Ohio App.3d at 541.
Assignments overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS; ANNE L. KILBANE, J., CONCURS WITHSEPARATE CONCURRING OPINION.