OPINION
This appeal has been placed on the accelerated calendar. Appellant, Gloria A. Gaebler, appeals from the judgment of the Geauga County Court of Common Pleas. The trial court denied Gaebler's application to have her record expunged.
In 1997, a fire started in Gaebler's apartment. The Geauga County Grand Jury indicted Gaebler on one count of aggravated arson in violation of R.C. 2909.02(A), a second degree felony. On December 10, 1997, Gaebler pled guilty to a reduced charge of arson in violation of R.C. 2909.03(A), a first degree misdemeanor.
At the time Gaebler entered her plea, the charge of arson was a crime that was eligible for expungement. However, in March of 2000, the Ohio State Legislature amended R.C. 2953.36. This section now bars first degree misdemeanor offenses of violence, including arson, from being expunged.
Gaebler raises a single assignment of error on review:
 "The trial court erred to the prejudice of defendant/appellant in denying her motion to have her record of conviction sealed."
Gaebler claims that the trial court's application of the amended version of R.C. 2953.36 violates the constitutional safeguard against expost facto laws. We do not agree.
Expungement is a privilege, not a right.[1] The Hartrup Court held that the 1994 amendment to R.C. 2953.36, which also added crimes that were not eligible for expungement, was "constitutional as applied to persons who committed crimes prior to December 9, 1994."[2]
The Eight Appellate District has recently held that the March 2000 amendment to R.C. 2953.36 applies to individuals who committed offenses prior to its enactment.[3] In Euclid v. Sattler, the defendant pled guilty to domestic violence, which was also a crime covered by the amended R.C. 2953.36(C). The court held that even though the application for expungement was made prior to the amendment of the statute, the amended statute still barred the expungement.[4]
Gaebler was not entitled to have her record expunged. The offense she was convicted of is clearly excluded by the amended version of R.C.2953.36(C). The trial court did not err in denying Gaebler's application for expungement.
Gaebler asserts that her due process rights were violated, because she relied on the expectation of having her record sealed when she entered her plea. This argument was raised in State v. Davenport, where the court held that a retroactive change in expungement law did not violate due process rights.[5] The Davenport Court noted that "[t]he mere fact that appellant chose to accept the state's plea bargain based upon some unilateral hope that he might be able to expunge his convictions in the future does not render expungement a fundamental right protected by due process * * *."[6] We agree.
The law of Ohio clearly states that changes in statutory law regarding expungement may be applied retroactively. Therefore, a defendant should never be able to assert that their due process rights were violated because they relied on the possibility of expungement, and then the expungement statute changed. If we were to hold otherwise, it would allow every defendant entering a plea agreement to "rely" on the possibility of expungement. The resulting effect would be that changes in statutory law regarding expungement could not be applied ex post facto. That is not the law of Ohio.
Gaebler's assignment of error is without merit. The judgment of the trial court is affirmed.
FORD, J., NADER, J., concur.
[1] State v. Hartrup (1998), 126 Ohio App.3d 768, 772.
[2] Id. at 773.
[3] Euclid v. Sattler (2001), 142 Ohio App.3d 538.
[4] Id. at 541.
[5] State v. Davenport (1996), 116 Ohio App.3d 6, 11.
[6] Id.