OPINION
Defendant Thomas L. George appeals a judgment of the Court of Common Pleas of Richland County, Ohio, denying his application for expungement of a previous conviction. Appellant assigns a single error to the trial court:
 "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS DENIED HIS APPLICATION FOR AN EXPUNGEMENT BASED ON A RETROACTIVE APPLICATION OF A NEW PROVISION OF LAW."
The record indicates appellant was indicted in 1989 for carrying a concealed weapon and felonious assault. Appellant pled not guilty, but eventually changed his plea to guilty to an amended count of aggravated assault and carrying a concealed weapon. On March 28, 1991, the trial court sentenced appellant, suspended the sentence, and placed appellant on probation for a period of three years. Appellant alleges he successfully completed his period of probation, and the record on appeal supports this.
On October 3, 2001, appellant filed an application to expunge the prior convictions. The trial court denied the application for expungement, finding appellant had been convicted of a crime of violence as defined by R.C. 2901.01, aggravated assault, in violation of R.C. 2903.12.
The trial court correctly found R.C. 2953.32, the statute governing expungement in this case, requires the accused be a first time offender, that there be no pending criminal proceedings against the accused, and that the accused be rehabilitated to the satisfaction the court. The court found all three factors are present here.
The court found, however, expungement is not applicable to crimes of violence, and accordingly, denied the application.
Appellant argues the offenses for which he was convicted occurred on September 8, 1989. The expungement statute in effect at that time did not preclude a person convicted of certain offenses of violence from seeking expungement. Appellant asserts that at the time of the original plea, the court informed him that expungement was available if he went through the probation process successfully. Appellant urges to apply a subsequent statute to his conviction is a retroactive application of law in violation of the ex post facto provisions of the United States Constitution, Article I, Section 10 and the Ohio State Constitution, Article II, Section 28.
The trial court cited our case of State v. Poole (February 21, 1996), Ashland Appellate No. 1116; and State v. Bottom (February 29, 1996), Licking Appellate No. 95CA101, as authority for the proposition that the expungement statute in effect at the time the application is filed is the statute which controls the court's ruling. This is because the expungement statute is remedial in nature, not substantive in nature, seeState v. Bissantz (1987), 30 Ohio St.3d 120. A remedial statute is one which sets forth procedure rather than imposing or impairing vested rights. There is no vested right to a statutory remedy, see City ofEuclid v. Sattler (2001), 142 Ohio App.3d 538, 756 N.E.2d 201.
In Bottom, supra, this court approached the matter from a different angle, but reached the same conclusion. In Bottom, we held application of the expungement statute is prospective in nature if the petition is filed after the effective date of the statute. We found it is the date of the filing petition, not the date of the conviction, which governs what version of the expungement statute applies.
We find the trial court correctly denied appellant's application to expunge his prior conviction. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By GWIN, P.J., FARMER, J., and EDWARDS, J., concur.
Topic: criminal law — expungement
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.