THE STATE OF OHIO, APPELLANT, *v.* BISSANTZ, APPELLEE.

[Cite as State *v.* Bissantz (1987), 30 Ohio St. 3d 120.]

(No. 86-764—Decided May 20, 1987.)

*George E. Pattison,* prosecuting attorney, and *John C. Korfhagen,* for appellant.

*Rosenhoffer, Nichols & Schwartz, Gary A. Rosenhoffer, Ely & True* and *J. Robert True,* for appellee.

DOAN, J. The court of appeals premised its dismissal upon R.C. 2945.67,[3] determining that the state may not directly appeal an entry of

---

[1] See *State* v. *Bissantz* (1982), 3 Ohio App. 3d 108, 3 OBR 123, 444 N.E. 2d 92.

[2] We note only Division (A) of R.C. 2953.32 as being significant to our decision:

"A first offender may apply to the sentencing court if convicted in the state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of his conviction, at the expiration of three years after his final discharge if convicted of a felony, or at the expiration of one year after his final discharge if convicted of a misdemeanor."

[3] R.C. 2945.67(A) reads:

"A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or

expungement. We hold that R.C. 2945.67 is inapplicable to the state's right of direct appeal in expungement cases for the reason that expungement under R.C. 2953.32 is a postconviction relief proceeding, remedial in nature, and is governed by the Ohio Rules of Appellate Procedure as applicable to civil actions.

Our holding follows paragraph two of the syllabus in *State v. Nichols* (1984), 11 Ohio St. 3d 40, 11 OBR 188, 463 N.E. 2d 375, wherein this court ruled that "[p]ostconviction relief proceedings [are] governed by the Ohio Rules of Appellate Procedure as applicable to civil actions." The *Nichols* court determined that R.C. Chapter 2953 does not explicitly mandate the use of the Rules of Appellate Procedure as applicable to criminal cases.

We further observe that this court, considering R.C. 2953.31 *et seq.* in *Barker v. State* (1980), 62 Ohio St. 2d 35, 16 O.O. 3d 22, 402 N.E. 2d 550, determined the statute to be remedial in nature and subject to liberal construction as mandated by R.C. 1.11.

It therefore follows that appellant had a civil right of appeal in the instant matter, and that the court of appeals committed error in dismissing the appeal upon the premise that it was without jurisdiction of the appeal as a criminal matter under R.C. 2945.67.

We do not here reach the merits of the state's appeal as to whether the trial court committed error in granting expungement under R.C. 2953.31 *et seq.* to one convicted of soliciting a bribe while holding office as a public official.

The judgment of the court of appeals is hereby reversed, and the cause is remanded to that court for disposition on its merits.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., FORD, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

DOAN, J., of the First Appellate District, sitting for SWEENEY, J.

FORD, J., of the Eleventh Appellate District, sitting for LOCHER, J.

---

a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."