The STATE of Ohio, Appellee,

v.

HEATON, Appellant.

[Cite as *State v. Heaton* (1995), 108 Ohio App.3d 38.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA95–04–024.

Decided Dec. 26, 1995.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David H. Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*David S. Welt,* for appellant.

WALSH, Presiding Judge.

Defendant-appellant, Craig Heaton, appeals an order of the Clermont County Court of Common Pleas denying his motion to expunge and seal the record of his conviction.

On September 14, 1988, appellant was convicted of gross sexual imposition on a three-year-old child in violation of R.C. 2907.05(A)(3). Appellant was thereafter sentenced to one year imprisonment in the Ohio State Reformatory. Appellant's sentence was, however, suspended and he was placed on a three-year probation. By entry filed October 28, 1991, appellant was discharged.

On November 16, 1994, appellant filed an application for expungement of record of his conviction. The trial court issued a decision favorable to appellant on February 17, 1995. On March 10, 1995, plaintiff-appellee, the state of Ohio, filed a motion to set aside the trial court's decision on the ground that since December 9, 1994, the date of enactment of amended R.C. 2953.36, the expungement provisions set forth in R.C. 2953.31 *et seq.* no longer apply to convictions for gross sexual imposition. On March 17, 1995, the trial court granted appellee's motion and denied the application for expungement.

Appellant timely filed this appeal and raises as his sole assignment of error that the trial court erred in denying his application for expungement of record. Appellant argues that the retroactive application of amended R.C. 2953.36 to his application for expungement is impermissible because it divests appellant's already vested substantive right of expungement.

Section 28, Article II of the Ohio Constitution provides a limitation that the General Assembly shall have no power to pass retroactive laws. Appellant correctly states, however, that the limitation applies only to substantive law and does not apply to remedial law. *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 356, 533 N.E.2d 743, 745. It is well-established law in Ohio that the expungement provisions set forth in R.C. 2953.31 *et seq.* are remedial in nature. *State v. Bissantz* (1987), 30 Ohio St.3d 120, 121, 30 OBR 434, 435, 507 N.E.2d 1117, 1118.

Appellant argues, however, that the "rule that the Ohio Constitution does not prohibit retroactive remedial legislation does not apply, * * * whe[n] vested rights are divested or destroyed or where a retroactive enactment to the Ohio Revised Code operates to destroy an accrued substantive right which arose by virtue of the laws of this state," and cites *Gregory v. Flowers* (1972), 32 Ohio St.2d 48, 61 O.O.2d 295, 290 N.E.2d 181, in support of his argument. Appellant contends that the right of expungement provided to him in 1988 at the time of his conviction, and which was still available to him at the time he filed his application for expungement in November 1994, was a substantive right which vested before the enactment of amended R.C. 2953.36. We disagree.

After reading *Gregory,* we find that it does not stand for the proposition advanced by appellant. The issue before the Supreme Court was whether the statutory right to file an application with the Bureau of Workers' Compensation for modification of an award was a substantive right which would be destroyed by the retroactive application of an amended statute of limitations. In determining that it was, the Supreme Court quoted, but did not rely on, Chamberlayne, Modern Law of Evidence (1911) 215, Section 170, which suggested to abolish any attempted distinction between remedial and procedural with regard to statutes of limitations.

Assuming *arguendo,* however, that *Gregory* would support appellant's argument, we find that appellant never had a substantive vested right. "A right cannot be regarded as vested in the constitutional sense unless it amounts to something more than a mere expectation of future benefit or interest." *Moscow v. Moscow Village Council* (C.P.1984), 29 Ohio Misc.2d 15, 26, 29 OBR 284, 296, 504 N.E.2d 1227, 1238, citing *Moore v. Bur. of Unemp. Comp.* (1943), 73 Ohio App. 362, 29 O.O. 75, 56 N.E.2d 520. " 'The Legislature has complete control over the remedies afforded to parties in the courts of Ohio, and * * * an individual may not acquire a vested right in a remedy or any part of it, that is, there is no right in a particular remedy.' " *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 605, 60 O.O. 531, 534, 138 N.E.2d 660, 665.

The expungement statute is a postconviction relief proceeding which grants a limited number of convicted persons the privilege of having the record of their first conviction sealed, should the court in its discretion so decide. Expungement is a matter of privilege, never of right. See *State v. Thomas* (1979), 64 Ohio App.2d 141, 145, 18 O.O.3d 106, 108, 411 N.E.2d 845, 848. We accordingly find no violation of the rule against retroactivity in the case at bar. See *State v. Hendrix* (Apr. 15, 1987), Hamilton App. No. C–860417, unreported, 1987 WL 9756. Appellant's sole assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and POWELL, JJ., concur.