The **STATE** of Ohio, Appellant,

v.

**HARTUP**, Appellee.

[Cite as *State v. Hartup* (1998), 126 Ohio App.3d 768.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72379.

Decided March 23, 1998.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellant.

*Gary A. Hotz,* for appellee.

PATTON, Judge.

On December 9, 1994, the General Assembly amended R.C. 2953.36 to provide that provisions of the Revised Code permitting the sealing of a record of conviction (R.C. 2953.32) do not apply to persons convicted of gross sexual imposition. The narrow issue before us is whether R.C. 2953.36, as amended, is unconstitutional as applied to offenders who were convicted before its effective date, but who by law could not file motions to seal their records of conviction until after the effective date.

In 1987, defendant Kimberly Hartup pleaded guilty to one count of gross sexual imposition. The court accepted the plea, suspended a one-and-one-half-year sentence, and placed defendant on probation for five years. Defendant satisfactorily completed probation on January 9, 1992. After the expiration of the three-year waiting period set forth in R.C. 2953.32(A)(1), defendant filed the instant motion to seal his record of conviction. The state opposed the motion on the single ground that the court lacked jurisdiction to consider the motion because R.C. 2953.36, as amended effective December 1994, excluded sex-related offenses from being expunged.

In a written opinion, the court granted defendant's motion to seal the record of his conviction. The court found that (1) application of the amendment to R.C. 2953.36 would render defendant's guilty plea involuntary since the possibility of expungement might have been a relevant factor in defendant's decision to plead guilty, (2) as applied to offenses committed prior to its effective date, R.C. 2953.36 made the punishment for a certain class of crimes "more burdensome, after their commission, and thus is an impermissible *ex post facto* law, in violation of Art. I, § 10, of the United States Constitution," and (3) the General Assembly's act of withdrawing an offender's right to apply to have a record of conviction sealed "clearly constitutes retroactive legislation" in violation of Section 28, Article II of the Ohio Constitution. We address these contentions in order.

I

██ The court first concluded that the possibility of expungement for a socially stigmatizing offense such as gross sexual imposition would lead to the great

presumption that "the opportunity to have the record of conviction sealed must have been a relevant factor in [defendant's] decision to plead guilty to this offense." While recognizing that expungement is a privilege, not a right, the court found defendant "did have a right *to be considered for expungement.*" (Emphasis *sic.*) The court concluded that defendant's guilty plea could not have been knowing or voluntary if this right to be considered for expungement was not available to him.

We fail to see how the court's Crim.R. 11(C) analysis would be applicable in this case. Whatever the action of General Assembly in amending R.C. 2953.36, the fact remains that at the time defendant entered his guilty plea, he did have the possibility of requesting that the record of that conviction be sealed. So regardless what amendments may have been enacted at a later date, defendant was not misinformed of the law at the time he entered his plea and cannot now argue that his plea was unknowing.

 Of course, this presumes that defendant considered the opportunity to have the record of his conviction sealed a relevant factor in deciding to plead guilty. The court thought so, but we find no basis for this presumption. There is nothing in the record to suggest that defendant's decision to plead guilty gave any consideration whatsoever to the possibility that he might have the record of his conviction sealed at a later date. See *State v. Davenport* (1996), 116 Ohio App.3d 6, 11, 686 N.E.2d 531, 534–535; *State v. DeNardis* (Dec. 29, 1993), Medina App. No. 2245, unreported, at 3, 1993 WL 548761. The court's Crim.R. 11(C) duty to advise an accused of the effect of a guilty plea simply does not incorporate any aspect of expungement, and, absent solid proof in the record, we will not infer defendant's intent. Notably, the right to expungement under R.C. 2953.32 is discretionary, even if the applicant meets the statutory prerequisites. See *State v. Heaton* (1995), 108 Ohio App.3d 38, 40, 669 N.E.2d 885, 886–887; *State v. Mastin* (1992), 83 Ohio App.3d 814, 615 N.E.2d 1084. Because expungement is ultimately discretionary with the court, the court has no duty to advise a person to consider this *possibility* before entering a plea.[1] We therefore find Crim.R. 11(C) no bar to the application of amended R.C. 2953.36.

## II

 The court also found that the sole purpose of R.C. 2953.36 is to punish a certain class of felony offenders. Concluding that this section makes the punishment for gross sexual imposition under R.C. 2907.05 more burdensome after the commission of that offense, the court held that the statute constituted an

---

1. Contrast this with Juv.R. 34(J), which requires the juvenile court to advise a delinquent child of the right to expungement of the record.

impermissible *ex post facto* law, in violation of Section 10, Article I of the United States Constitution.

█ There are four categories of *ex post facto* laws: (1) laws that make criminal actions which, when committed, were innocent, (2) laws that aggravate or increase the level of a crime after the crime was committed, (3) laws that change the punishment for a crime and inflict a greater punishment for the crime than when committed, and (4) laws that alter the legal rules of evidence to receive less or different testimony than those laws required at the time of the commission of the offense. See *Lynce v. Mathis* (1997), 519 U.S. 433, 441, 117 S.Ct. 891, 895, 137 L.Ed.2d 63, 72, fn. 13, citing *Calder v. Bull* (1798), 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648, 650. As pertinent to this case, the third type of *ex post facto* prohibition applies and addresses situations where the state increases punishment beyond what was prescribed when the crime was committed. In *Lynce*, the court stated that "[t]o fall within the *ex post facto* prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its enactment'— and it 'must disadvantage the offender affected by it' * * * by altering the definition of criminal conduct or increasing the punishment for the crime." *Id.* at 441, 117 S.Ct. at 896, 137 L.Ed.2d at 72, quoting *Weaver v. Graham* (1981), 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 23.

█ It is beyond question that expungement is a privilege, not a right. See *State v. Thomas* (1979), 64 Ohio App.2d 141, 145, 18 O.O.3d 106, 108–109, 411 N.E.2d 845, 848. That the General Assembly saw fit to remove the privilege of seeking expungement from certain offenders does not equate to increasing the punishment for the offense. On its most basic level, R.C. 2953.36 does not increase any "punishment" for the offense of gross sexual imposition. In no way does it increase the term of incarceration or affect parole and probation. *State v. Burke* (1991), 109 Ore.App. 7, 11–15, 818 P.2d 511, 514–515; *State v. Comeau* (N.H.1997), 697 A.2d 497, 501; *State v. Greenberg* (Fla.App.1990), 564 So.2d 1176, 1177. It merely removes the possibility of having a record of conviction sealed. "Defendant's interest in expungement here was only in obtaining a potential remedy, not retaining something which had already inured to his benefit." *State v. T.P.M.* (App.Div.1983), 189 N.J.Super. 360, 368, 460 A.2d 167, 172. Because R.C. 2953.36 does not impose greater punishment, it does not violate the *Ex Post Facto* Clause of the United States Constitution.

## III

█ Finally, the court found that R.C. 2953.36 "singled out a class of offender for denial of a right previously available to such class—*i.e.*, the right to apply for a sealing of the records of his conviction—certainly must qualify as attaching a new disability; to do so with respect to a crime committed prior to the effective date of that statute thus is prohibited as a retroactive law."

Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws. In *Heaton,* the court found that the constitutional limitation applied only to substantive law, not remedial law, and that the expungement provisions of R.C. 2953.31 *et seq.* are remedial in nature. 108 Ohio App.3d at 40, 669 N.E.2d at 886–887, citing *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 356, 533 N.E.2d 743, 745–746, and *State v. Bissantz* (1987), 30 Ohio St.3d 120, 121, 30 OBR 434, 435, 507 N.E.2d 1117, 1117–1118. The court of appeals based this holding on its view that the application of R.C. 2953.36 was entirely prospective in nature because the petition to seal the record of conviction had been filed after the effective date of the statute. *Davenport,* 116 Ohio App.3d at 14, 686 N.E.2d at 536. This view accords with other appellate districts in this state. See, *e.g., State v. Asad* (Nov. 1, 1996), Lucas App. No. L–96–071, unreported, 1996 WL 631471; *State v. Poole* (1995), 74 Ohio St.3d 1418, 655 N.E.2d 738.

The court took issue with the reasoning employed by these courts, again reiterating its belief that the General Assembly "may not withdraw a right retroactively—even where that right was nothing more than the right to apply for a privilege." We think that this conclusion is nothing more than sophistry.

If, as the court seemed to agree, the act of sealing a record of conviction is a privilege, we fail to see how the court could place more importance on the procedural vehicle used to achieve that privilege than on the substantive goal of expungement. Yet the court's conclusion gives the procedural "right to apply for a privilege" more protection than the discretionary act of sealing the record.

The problem with the court's conclusion is that the right to apply for the privilege of having the record of conviction expunged did not exist at the time defendant filed his motion to seal the record of his conviction. R.C. 2953.32 requires an offender to wait three years from the date the court terminates probation before filing a motion to seal the record of conviction. Until that date three years hence arrives, an offender had no "right," indeed no basis, for filing a petition to seal the record of conviction. In the simplest terms, no right to apply for expungement exists until all preconditions of R.C. 2953.32 are met. Hence, the effective date of R.C. 2953.36 predated the expiration of defendant's probation, so no possible right to petition for expungement existed on that date.

 We hold that R.C. 2953.36 is constitutional as applied to persons who committed offenses prior to December 9, 1994. The assigned error is sustained.

*Judgment vacated.*

DYKE, P.J., concurs.

TIMOTHY E. MCMONAGLE, J., concurs in judgment only.