DECISION AND JUDGMENT ENTRY
On May 27, 1999, appellant, Adam W. James, moved the Maumee Municipal Court for an order expunging from the record his two 1995 misdemeanor convictions. The state opposed the motion and the court set the motion for a hearing. Ultimately, the court found the motion not well-taken without further comment. The court then denied appellant's subsequent request for findings of fact and conclusions of law. While appellant separately perfected appeals of these orders, we consolidated the matter.
Appellant asserts, in two assignments of error, that the trial court abused its discretion when it denied him expungement and when it refused to issue factual findings. Appellee did not submit a brief.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docked and, hereby, render our decision.
R.C. 2953.32(C)(1) and (C)(2) mandate that certain procedures be followed and determinations made when considering a defendant's request that his record of conviction be sealed, or expunged. Absent an entry in which the court states its reasons for denying an expungement, a reviewing court will presume the regularity of the proceedings and affirm the trial court's decision. State v. Rinehart (July 18, 1991), Montgomery App. No. 12497, unreported.
However, expungement motions are post-conviction relief proceedings governed by the Ohio Rules of Civil Procedure. Statev. Bissantz (1987), 30 Ohio St.3d 120, 121. Civ.R. 52 mandates that in a matter tried to the court findings of fact and conclusions of law shall issue when any party makes a timely request. Consequently, the trial court's failure to make such findings was error. Accordingly, appellant's second assignment of error is well-taken.
Since proper findings are necessary to review this matter on appeal, appellant's challenge to the merits of the court's decision is premature. Accordingly, appellant's first assignment of error is not yet ripe for consideration.
On consideration whereof, the judgment of the Maumee Municipal court is vacated. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., James R. Sherck, J., CONCUR.