ACCELERATED JOURNAL ENTRY AND OPINION
Appellant, the State of Ohio, is appealing the trial court's sealing the record of conviction of appellee, Henry Henyard. For the following reasons, we reverse and vacate the expungement order.
Appellee pled guilty to three counts of sexual battery, R.C. 2907.03, and one count of felonious assault, R.C. 2903.11. On May 28, 1987, he was sentenced to 3 to 15 years on the felonious assault count, and 2 years on each sexual battery count, to run concurrently. The prison time was suspended, and appellee was sentenced to three years probation. The probation expired on May 28, 1990.
On May 30, 2000, appellee filed a motion to seal the record pursuant to R.C. 2953.32. The motion contained a certificate of service, stating the prosecutor had been served, but it was not signed by appellee or dated. The court ordered an expungement report from the probation department. The court granted the motion to seal without a hearing, on August 3, 2000. Appellant filed a brief in opposition to appellee's motion on August 14, 2000.
Appellant's sole assignment of error states:
 TRIAL COURT LACKS JURISDICTION TO CONSIDER A MOTION TO SEAL A RECORD FOR SEXUAL BATTERY, R.C. 2907.03, AS R.C. 2953.36(B) EXCLUDES SEXUAL BATTERY FROM BEING SEALED. (R.C. 2953.36(B), FOLLOWED.)
 The current version of R.C. 2953.36 provides: Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
. . .
(B) Convictions under section 2907.02, 2907.03 . . .
The version of R.C. 2953.36 effective before December 1994 did not exclude sex-related offenses from being expunged. Appellee was convicted before December 1994. He was discharged on May 28, 1990, so he was eligible to apply for expungement on May 28, 1993. He did not actually apply for expungement until May 30, 2000, after the law excluding sex-related offenses from expungement went into effect.
R.C. 2953.36, as effective December 1994, can apply to offenders who were convicted before December 1994, but who by law could not file motions to seal their records of conviction until after December 1994. State v. Hartup (1998), 126 Ohio App.3d 768; State v. Davenport (1996),116 Ohio App.3d 6. R.C. 2953.36, as effective December 1994, can also apply to offenders who could file motions to seal their records before December 1994, but who did not file such motions until after December 1994. State v. Heaton (1995), 108 Ohio App.3d 38; State v. Bottom (Feb. 29, 1996), Licking App. No. 95 CA 101, unreported; State v. Glending (Oct. 8, 1998) Cuyahoga App. No. 74066, unreported. Accordingly, the trial court erred in granting expungement when appellee was not eligible, as he was convicted of violations of R.C. 2907.03.
Appellant's assignment of error is sustained.
The judgment ordering expungement is reversed and vacated.
This cause is reversed and vacated to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND ANNE L. KILBANE, J., CONCUR