[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 178.]

THE STATE OF OHIO, APPELLANT, *v*. LASALLE, APPELLEE.

[Cite as *State v. LaSalle,* 2002-Ohio-4009.]

*Statutory construction—Absent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only—R.C. 1.48, applied—Criminal law—Statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling.*

(No. 2001-1403—Submitted May 22, 2002—Decided August 21, 2002.)

CERTIFIED by the Court of Appeals for Summit County, No. 20488.

———————————

SYLLABUS OF THE COURT

1.  Absent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only.  R.C. 1.48 applied.

2.  The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling.

———————————

DOUGLAS, J.

{¶1} On March 5, 1998, appellee, Robert A. LaSalle, was indicted by a Summit County Grand Jury on two counts.  Count One of the indictment charged LaSalle with the offense of felonious assault in violation of R.C. 2903.11(A)(2).  Count Two charged LaSalle with the offense of domestic violence pursuant to R.C. 2919.25(A).

{¶2} On April 8, 1998, in a proceeding before the Court of Common Pleas of Summit County, LaSalle pled guilty to the charge of domestic violence, a misdemeanor of the first degree.  Presumably in exchange for the guilty plea, the

trial court dismissed the charge of felonious assault. On May 15, 1998, the trial court sentenced LaSalle to a jail term of six months. LaSalle's sentence was suspended by the court, and he was placed on nonreporting probation for a period of six months.

**{¶3}** On November 22, 1999, pursuant to R.C. 2953.32(A)(1),[1] LaSalle filed an application with the trial court seeking an order to seal the record of his domestic violence conviction.[2] On April 21, 2000, the trial court granted LaSalle's application and ordered that the official record pertaining to his conviction be sealed.

**{¶4}** On December 13, 2000, nearly eight months after the trial court sealed the record of LaSalle's conviction, appellant, the state of Ohio, filed a motion to vacate the order sealing the record. The state based its motion on an amendment to R.C. 2953.36—specifically, newly enacted subsection (C), which prohibits the sealing of records of first-degree misdemeanor convictions involving offenses of violence, including domestic violence. R.C. 2953.36(C) went into effect on March 23, 2000, approximately four months after LaSalle filed his application to seal and one month prior to the trial court's initial decision to seal the record of LaSalle's

---

1. **{¶a}** R.C. 2953.32 currently provides:

    **{¶b}** "(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor."

    **{¶c}** The version of R.C. 2953.32(A)(1) in effect at the time of the filing of LaSalle's application was substantially identical to the current version of R.C. 2953.32(A)(1). 146 Ohio Laws, Part V, 9125, 9139.

2. LaSalle's motion for "expungement," the term used to describe the process to seal a record of conviction, referenced R.C. 2953.52. R.C. 2953.52 permits any person found not guilty of an offense charged, or any person named as a defendant in a dismissed complaint, indictment, or information, or any person against whom no bill is entered by a grand jury to apply for an order to seal the official records of the charged offense. Based upon his guilty plea to the domestic violence charge, R.C. 2953.32(A)(1), rather than R.C 2953.52, is the applicable code provision governing LaSalle's application to seal the record of his conviction.

conviction. 1999 Am.Sub.S.B. No. 13. Applying R.C. 2953.36(C), on February 15, 2001, the trial court granted the state's motion and vacated its original order sealing the records pertaining to LaSalle's conviction.

{¶5} LaSalle appealed the trial court's order to the Summit County Court of Appeals. The court of appeals reversed the judgment of the trial court, finding that the trial court had erred in applying R.C. 2953.36(C). Thereafter, on July 30, 2001, the court of appeals certified that its decision was in conflict with the decision of the Clermont County Court of Appeals in *State v. Heaton* (1995), 108 Ohio App.3d 38, 669 N.E.2d 885. This cause is now before this court upon our determination that a conflict exists.

{¶6} The question certified for review by the court of appeals is "Where an application to seal a criminal conviction is filed before the effective date of an amendment to R.C. 2953.36, which amendment prohibits the sealing of the record of the type of conviction referenced in the application, and the trial court rules on the application after the effective date of the amendment, is the amendment to be applied retroactively to the application made prior to the effective date of the amendment?"

{¶7} The amendment to R.C. 2953.36 at issue in this matter provides:

{¶8} "Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:

{¶9} "* * *

{¶10} "(C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree."

{¶11} The state argues that the weight of authority in Ohio supports its assertion that amendments to R.C. 2953.36 are applicable to criminal convictions occurring prior to the effective date of the amended statute and that the date of filing

of the application to seal is irrelevant. According to the state, application of R.C. 2953.36(C) to LaSalle's conviction does not violate the constitutional prohibition against retroactive legislation because the process of expungement is remedial in nature. Finally, the state contends that the version of R.C. 2953.36 in effect at the time of LaSalle's expungement hearing controls and suggests that such a result is arguably a prospective application of the statute. LaSalle, on the other hand, contends that application of R.C. 2953.36(C) to the request to seal the record of his conviction is an impermissible retroactive application of the statute.

{¶12} Despite the seemingly divergent views expressed in the foregoing arguments, our resolution of the certified question rests simply on whether the General Assembly set forth its intent to apply the amendments to R.C. 2953.36 retrospectively and, if so, whether retrospective application of the statute is constitutionally permissible. For the following reasons, we find that applying R.C. 2953.36(C) to LaSalle's application to seal the record of his conviction is not in accordance with law. Accordingly, we answer the certified question in the negative and affirm the judgment of the court of appeals.

{¶13} Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws that, when applied, act to impair vested rights.[3] *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 99, 566 N.E.2d 154. A statutory enactment is repugnant to Section 28, Article II if it is expressly retroactive *and* is substantive, as opposed to merely remedial. *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2001), 91 Ohio St.3d 308, 315-316, 744 N.E.2d 751; *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 352-353, 721 N.E.2d 28. We have established in a line of cases dating as far back as *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 28 OBR 337, 503 N.E.2d 753, and recently in *Rubbermaid, Inc. v. Wayne*

---

3. {¶a} Section 28, Article II of the Ohio Constitution provides:

{¶b} "The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts * * *."

*Cty. Aud.,* 95 Ohio St.3d 358, 2002-Ohio-2338, 767 N.E.2d 1159, an analysis that a court should follow to determine whether a law is unconstitutionally retroactive.[4]

{¶14} In *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraphs one and two of the syllabus, we set forth a two-step analysis. Step one requires an initial determination of legislative intent. Intent is determined by construing, and then applying, R.C. 1.48. R.C. 1.48 provides, "A statute is presumed to be prospective in its operation unless expressly made retrospective." The *Van Fossen* court held that R.C. 1.48 establishes a threshold analysis that must be undertaken prior to any inquiry under Section 28, Article II of the Ohio Constitution. *Van Fossen,* 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph one of the syllabus. Inquiry into whether a statute may be constitutionally applied retrospectively continues only after an initial finding that the General Assembly expressly intended that the statute be applied retrospectively. Id., paragraph two of the syllabus. See, also, *Bielat,* 87 Ohio St.3d at 353, 721 N.E.2d 28, and *State ex rel. Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258, 259, 744 N.E.2d 708. Thus, absent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only. R.C. 1.48.

{¶15} Clearly, there is no language in amended R.C. 2953.36 that the statute is to be applied retrospectively. In drafting prior legislative enactments and amendments, the General Assembly certainly has demonstrated its ability to include retrospective language when it so desires. For instance, the statute at issue in *Van Fossen,* which the court found had clearly indicated a legislative intent that it be applied retrospectively, stated by its very terms that it applied "to cases *pending* on the effective date of the statute, which includes causes of action which arose prior to the statute's effective date, 'notwithstanding any provision *of any*

---

4. In addition to the cases cited herein, see *State v. Cook* (1998), 83 Ohio St.3d 404, 410, 700 N.E.2d 570.

*prior statute or rule of law*.' " (Emphasis sic.) *Van Fossen,* 36 Ohio St.3d at 106, 522 N.E.2d 489. The state has failed to establish that amended R.C. 2953.36 contains any language necessary to withstand the threshold analysis required by R.C. 1.48. Accordingly, we need not analyze the retrospective question as required by Section 28, Article II, Ohio Constitution. Our inquiry ends here.

{¶16} We find it necessary, however, to discuss several decisions rendered on this issue by various courts of appeals throughout this state. While the state's contention that the weight of authority is contrary to the judgment of the Ninth District Court of Appeals might seem correct, the cited cases are not persuasive.

{¶17} In *S. Euclid v. Drago* (Apr. 19, 2001), Cuyahoga App. No. 79030, 2001 WL 406236, *State v. Bottom* (Feb. 29, 1996), Licking App. No. 95 CA 101, 1996 WL 132284, *State v. Glending* (Oct. 8, 1998), Cuyahoga App. No. 74066, 1998 WL 703706, *State v. Rine* (Feb. 29, 1996), Licking App. No. 95 CA 00076, 1996 WL 132400, and *State v. Davenport* (1996), 116 Ohio App.3d 6, 686 N.E.2d 531, the applications to seal the records of conviction in each matter were filed *after* the effective date of the amended statute at issue. Thus, the statutory amendments could have been applied only prospectively to the applications filed in those cases.

{¶18} Moreover, of the cases cited by the state that actually involve retrospective application of a statute, none of them even cited R.C. 1.48, let alone analyzed that provision in conjunction with the statutory amendment at issue in each respective matter. See *State v. Heaton* (1995), 108 Ohio App.3d 38, 669 N.E.2d 885; *State v. Fowler* (Sept. 24, 2001), Fayette App. No. CA2001-03-005, 2001 WL 1112425; *Euclid v. Sattler* (2001), 142 Ohio App.3d 538, 756 N.E.2d 201. In fact, *Heaton, Drago, Glending, Sattler,* and *Fowler* cited our decision in *Kneisley v. Lattimer-Stevens Co.* (1988), 40 Ohio St.3d 354, 533 N.E.2d 743, for the proposition that remedial laws are exempt from the constitutional limitation on retroactivity set forth in Section 28, Article II, Ohio Constitution. As a general statement of law, this is true. However, *Kneisley* clearly holds that consideration

of a statute's unconstitutional retroactivity first requires R.C. 1.48 analysis. *Kneisley,* 40 Ohio St.3d at 356, 533 N.E.2d 743. In fact, *Kneisley* clearly followed the law as set forth in *Van Fossen* et al.

{¶19} Finally, contrary to the state's assertion, the date of filing of the application to seal is relevant. Sealing of a record of conviction pursuant to R.C. 2953.32 is a postconviction remedy that is civil in nature. *State v. Bissantz* (1987), 30 Ohio St.3d 120, 121, 30 OBR 434, 507 N.E.2d 1117. R.C. 2953.32(A)(1) provides that application to seal a record of conviction may not be filed until one year following the offender's final discharge if convicted of a misdemeanor or three years if convicted of a felony. In this regard, an application to seal a record of conviction is a separate remedy, completely apart from the criminal action, and is sought after the criminal proceedings have concluded. *State v. Wilfong* (Mar. 16, 2001), Clark App. No. 2000-CA-75, 2001 WL 256326. See, generally, *State v. Nichols* (1984), 11 Ohio St.3d 40, 11 OBR 188, 463 N.E.2d 375. Therefore, it follows and we hold that the statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling.

{¶20} LaSalle filed his application pursuant to R.C. 2953.32(A)(1) on November 22, 1999. The version of R.C. 2953.36 in effect at that time did not preclude the sealing of records of convictions of domestic violence offenses. 146 Ohio Laws, Part VI, 10752, 11004. The trial court applied the amended version of R.C. 2953.36 to an application that was filed by LaSalle in advance of the effective date of the statutory changes. Judge Baird and the court of appeals majority have, in a highly competent and persuasive manner, set forth why this was error by the trial court. Accordingly, the judgment of the court of appeals is affirmed in all respects.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellant.

Lawrence J. Whitney, for appellee.

Betty D. Montgomery, Attorney General, David M. Gormley, State Solicitor, and Kirk A. Lindsey, Associate Solicitor, urging reversal for amicus curiae, Attorney General of Ohio.

_____