OPINION
{¶ 1} Appellant, the state of Ohio, appeals from the judgment entered by the Lake County Court of Common Pleas. The trial court granted the motion for expungement filed by appellee, David W. Brewer.
 {¶ 2} On July 27, 1990, Brewer was charged with four counts of gross sexual imposition in violation of R.C. 2907.05. Brewer pled guilty to all four counts on October 22, 1990. On November 27, 1990, Brewer was sentenced to one-year terms for each count, to be served consecutively. However, the prison sentence was suspended, and Brewer was placed on probation for three years. On October 16, 1992, the trial court granted Brewer's motion to terminate his probation.
 {¶ 3} In December 1995, Brewer filed an application for expungement. However, Brewer filed a motion to withdraw his application for expungement in January 1996. The trial court granted Brewer's motion to withdraw his application for expungement.
 {¶ 4} In May 2001, Brewer filed a motion for expungement. In a judgment entry dated September 18, 2001, the trial court granted Brewer's motion for expungement. The trial court applied the expungement statute as it existed prior to December 9, 1994.
 {¶ 5} The state of Ohio raises the following assignment of error:
 {¶ 6} "The trial court erred as a matter of law in granting appellee's motion for expungement because R.C. 2953.36 expressly precludes the sealing of convictions for gross sexual imposition."
 {¶ 7} The state asserts that the trial court should have applied the version of R.C. 2953.36 that was in effect when Brewer filed his motion for expungement in 2001, not the version that was in effect when he entered his guilty plea in 1990. For the following reasons, we agree.
 {¶ 8} The version of R.C. 2953.36 in effect at the time Brewer filed his motion for expungement was last amended on March 23, 2000, and states, in relevant part:
 {¶ 9} "Exceptions to expungement proceedings.
 {¶ 10} "Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
 {¶ 11} "(A) ***
 {¶ 12} "(B) Convictions under section 2907.02, 2907.03, 2907.04,2907.05, 2907.06, 2907.321, 2907.332, or 2907.332, former section 2907.12, or Chapter 4507., 4511., or 4549. of the Revised Code[.]"
 {¶ 13} Brewer was convicted of four counts of gross sexual imposition, which is codified as R.C. 2907.05 and, thus, exempt from expungement.
 {¶ 14} This court has recently held that an individual is not entitled to expungement if a statutory amendment bars the offense from expungement, even if a guilty plea was entered prior to the amendment of the statute.[1]
 {¶ 15} In State v. Hartup, the Eighth District reversed the trial court's order of expungement and held that the 1994 amendment to R.C.2953.36 could be retroactively applied to a defendant who pled guilty to gross sexual imposition before the 1994 amendment.[2] The court held that this application did not violate constitutional protections against ex post facto legislation.[3]
 {¶ 16} Expungement is a privilege, not a right.[4] Brewer asserts that he relied on the possibility of expungement at the time he entered into his guilty plea. We rejected a similar argument in Gaebler.[5] "`[T]he mere fact that appellant chose to accept the state's plea bargain based on some unilateral hope that he might be able to expunge his convictions in the future does not render expungement a fundamental right protected by due process.'"[6] This court went on to state:
 {¶ 17} "The law of Ohio clearly states that changes in statutory law regarding expungement may be applied retroactively. Therefore, a defendant should never be able to assert that their due process rights were violated because they relied on the possibility of expungement, and then the expungement statute changed. If we were to hold otherwise, it would allow every defendant entering a plea agreement to `rely' on the possibility of expungement. The resulting effect would be that changes in statutory law regarding expungement could not be applied ex post facto. That is not the law of Ohio."[7]
 {¶ 18} Brewer cites Pepper Pike v. Doe in support of his argument that it was within the trial court's discretion to grant his motion for expungement.[8] Initially, we note that the individual in Pepper Pikev. Doe seeking to have her record expunged was not convicted of any crime, as the pending charges against her were dismissed.[9] Trial courts do have jurisdiction to grant an expungement in cases where criminal charges are dismissed prior to trial.[10] However, Brewer is attempting to extend the holding of Pepper Pike v. Doe to state that trial courts have inherent power to grant an expungement at any time. Contrary to Brewer's assertions, the Supreme Court of Ohio stated inPepper Pike v. Doe that, "[t]his case raises the question of whether a defendant charged with but not convicted of a criminal offense has a right to a judicial remedy which orders expungement of her criminal record."[11] Pepper Pike v. Doe "dealt with judicial, as opposed to statutory, expungement and noted the importance of maintaining public records about criminal convictions."[12] Brewer was convicted of the charges after entering a guilty plea, thus, his only remedy was statutory.[13] Accordingly, the trial court did not have discretion or the inherent power to grant judicial expungement in this case.
 {¶ 19} The trial court attempted to invoke statutory expungement. Therefore, the only issue in this case was whether the trial court applied the correct version of R.C. 2953.36. Based on the above analysis, the trial court did not apply the correct version of the statute.
 {¶ 20} Pursuant to the 1994 amendment to R.C. 2953.36, Brewer's convictions for gross sexual imposition were not eligible for expungement.
 {¶ 21} The state's assignment of error has merit.
 {¶ 22} The judgment of the trial court is reversed. This matter is remanded for further proceedings.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.
[1] State v. Gaebler (Apr. 26, 2002), 11th Dist. No. 2001-G-2362, 2002 Ohio App. LEXIS 1983.
[2] State v. Hartup (1998), 126 Ohio App.3d 768.
[3] Id. at 772.
[4] Id.
[5] State v. Gaebler, 2002 Ohio App. LEIXS 1983, at *4.
[6] Id. citing State v. Davenport (1996) 116 Ohio App.3d 6, 11.
[7] Id. at *4-5.
[8] Pepper Pike v. Doe (1981), 66 Ohio St.2d 374.
[9] Id.
[10] State v. Fowler (Sept. 24, 2001), 12th Dist. No. CA2001-03-005, 2001 Ohio App. LEXIS 4275, at *3, citing Pepper Pike v. Doe,66 Ohio St.2d 374, paragraph one of the syllabus.
[11] (Emphasis added.) Pepper Pike v. Doe, 66 Ohio St.3d at 376.
[12] State v. Hibbert (2001), 145 Ohio App.3d 824, 826.
[13] State v. Fowler, supra, at *4, citing State v. Netter (1989),64 Ohio App.3d 322, 325-326.