[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant, the state of Ohio, appeals from the order of the trial court granting defendant-appellee Donald Van Skaik's application for expungement of his conviction for robbery in violation of R.C. 2911.02. On June 23, 1981, Van Skaik, who was indicted on two counts of robbery in violation of R.C. 2911.02, had pleaded guilty to one count of robbery and was convicted. The state dismissed the second count. In July 1981, the trial court gave Van Skaik a suspended sentence of five to fifteen years in the Ohio Reformatory, with five years' probation and a $500 fine, and ordered him to complete a program for alcohol abuse. Van Skaik completed his probation without any violations and was discharged on July 14, 1986.
 {¶ 3} On April 22, 2002, Van Skaik filed an application to have the record of his robbery conviction expunged. The state, relying upon R.C. 2953.36(C) and (E), objected to the expungement. R.C. 2953.36(C) prohibits the expungement or sealing of an offender's record of conviction when the offender has been convicted of an "offense of violence" that is a felony, and R.C. 2953.36(E) prohibits the expungement or sealing of an offender's record of conviction when the offender has been convicted of a first- or second-degree felony. Van Skaik argued, in response, that R.C. 2953.36(C) and (E) did not apply to his application for expungement because he had committed his offense prior to the March 23, 2000 effective date of these statutes. The trial court agreed with Van Skaik and granted his application for expungement.
 {¶ 4} In its sole assignment of error, the state now argues that the trial court erred in sealing Van Skaik's record when Van Skaik was ineligible for expungement because he had been convicted of an offense of violence that was a second-degree felony. The state argues that the version of the statute in effect on the day that Van Skaik filed his application to expunge his conviction was the controlling statute. We agree.
 {¶ 5} Shortly after the trial court granted Van Skaik's application for expungement, the Ohio Supreme Court held that the sealing of a record of conviction is a post conviction remedy completely apart from the criminal action, and, thus, "the statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling."[1]
 {¶ 6} Because Van Skaik filed his application in April 2002 and the version of R.C. 2953.36 in effect at that time prohibited the expungement of his robbery conviction because it was both an "offense of violence" as defined in R.C. 2901.01(A)(9)(a) and a second-degree felony, the trial court had no authority to seal Van Skaik's criminal record.
 {¶ 7} We, therefore, sustain the sole assignment of error, reverse the order of the trial court, and remand this case for the recording of an entry denying Van Skaik's application for expungement.
 {¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Sundermann, P.J., Painter and Winkler, JJ.
[1] State v. LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, at ¶ 19.