[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} The trial court expunged defendant-appellee Todd Williams's conviction for trafficking cocaine. The state appeals, arguing that the law does not allow an expungement of this conviction. We agree.
 {¶ 3} In May 1990, Williams was indicted for possession of a controlled substance in violation of then-existing R.C. 2925.03(A)(6) and for preparation of a controlled substance for shipment, delivery, or distribution in violation of then-existing R.C. 2925.03(A)(2). In October, Williams pleaded guilty to a lesser offense of possessing a controlled substance under R.C. 2925.03(A)(4) in exchange for the dismissal of the preparation charge. He was then found guilty of violating R.C. 2925.03(A)(4) and sentenced to eighteen months in prison.
 {¶ 4} On the date of Williams's offense, former R.C. 2925.03(A)(4) was in effect. When an offender was convicted under R.C. 2925.03(A)(4), the trial court was required, under R.C. 2925.03(C)(4), to impose the following sentence: "Where the offender has violated division (A)(4) of this section, aggravated trafficking is a felony of the third degree and the court shall impose a sentence of actual incarceration of eighteen months * * *." (Emphasis added.) Thus, at the time of sentencing, the trial court was required to impose a mandatory eighteen-month prison term on Williams for violating R.C. 2953.03(A)(4).
 {¶ 5} Under R.C. 2953.32, a first-time offender may apply to the trial court for the sealing of the conviction record. But, pursuant to R.C. 2953.36, this privilege is not available to all first-time offenders. Since Williams's conviction and sentence in 1990, R.C. 2953.36
had been amended several times. Of relevance here, the current version states that expungement is not available for convictions involving a mandatory term of incarceration.[1] While Williams's application for expungement was based on laws that were not in effect at the time of his offense, the application of current R.C. 2953.36 here does not violate the Ex-Post Facto Clause of the United State Constitution because expungement proceedings are civil and remedial in nature.[2] Under these circumstances, regardless of when the offender was convicted, the statutory law in effect at the time of the motion to seal the record under R.C. 2953.32 is controlling.[3]
 {¶ 6} In 2002, Williams applied for and was granted an expungement pursuant to R.C. 2953.32. Applying the 2002 version of the statute, we hold that the expungement of Williams's sentence was improper under R.C.2953.36(A), which specifically prohibits expungement of a conviction involving a mandatory term of incarceration. Therefore, Williams was not entitled to the expungement of his record. Accordingly, we sustain the first assignment of error, reverse the judgment of the trial court, and remand this case for the entry of an order denying Williams's application for expungement.
 {¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Painter, JJ.
[1] See R.C. 2953.36(A).
[2] See State v. LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009,772 N.E.2d 1172, ¶ 19; State v. Hartup (1998), 126 Ohio App.3d 768,711 N.E.2d 315.
[3] See State v. LaSalle, supra, paragraph two of the syllabus.