OPINION JUDGMENT ENTRY
{¶ 1} Appellant Scott Smith appeals the decision of the Canton Municipal Court that denied his motion for expungement. The following facts give rise to this appeal.
 {¶ 2} On August 9, 1996, after entering a plea of no contest to the charges of carrying a concealed weapon, aggravated menacing and disorderly conduct, the Canton Municipal Court found appellant guilty and sentenced him accordingly. On March 4, 1998, appellant failed to appear for a show cause hearing to address his failure to comply with the terms of his probation. However, appellant was unable to appear, at this hearing, because he was incarcerated, in a state penal facility, on felony charges of conspiracy to commit bank robbery and possession of a firearm. Appellant had previously pled guilty to these charges in January of 1998. As a result of appellant's incarceration, the trial court vacated the probation order and closed the case.
 {¶ 3} On November 3, 2003, appellant filed a motion for expungement, of his misdemeanor offenses, in the Canton Municipal Court. The trial court overruled appellant's application on November 6, 2003. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 4} "I. The trial court erred in not granting defendant-appellant's application for expungement.
 {¶ 5} "II. The trial court erred when applying R.C.2953.36(c), an ex post facto statute, to defendant-appellant."
 I {¶ 6} In his First Assignment of Error, appellant contends the trial court erred when it denied his motion for expungement on the basis that he did not satisfy eligibility requirements. We disagree.
 {¶ 7} R.C. 2953.32(C)(1) sets forth the standard for granting or denying a motion for expungement. This statute provides as follows:
 {¶ 8} "(C)(1) The court shall do each of the following:
 {¶ 9} "(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. * * *
 {¶ 10} "(b) Determine whether criminal proceedings are pending against the applicant;
 {¶ 11} "(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
 {¶ 12} "(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 {¶ 13} "(e) Weigh the interest of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records."
 {¶ 14} Under R.C. 2953.32(C)(2), if the applicant meets all these requirements, the court shall order all official records pertaining to the case sealed. In the case sub judice, the trial court determined appellant was not entitled to have his record expunged because he is not a "first offender," as defined in R.C.2953.31(A). The trial court also found that appellant committed the crime of aggravated menacing, which is an offense of violence, and cannot be expunged according to R.C. 2953.36(C). See Judgment Entry, Nov. 6, 2003, at 1-2.
 {¶ 15} Appellant sets forth two arguments in support of his First Assignment of Error. First, appellant maintains that he forfeited his bail by agreement with the prosecutor and the trial court. R.C. 2953.31(C) defines "bail forfeiture" as "* * * the forfeiture of bail by a defendant who is arrested for the commission of a misdemeanor, other than a defendant in a traffic case as defined in Traffic Rule 2, if the forfeiture is pursuant to an agreement with the court and prosecutor in the case." Appellant has not presented any evidence concerning an agreement of forfeiture of bail. Further, the record does not indicate an agreement of bail forfeiture.
 {¶ 16} We also note that appellant is not a "first offender." R.C. 2953.31(A) defines a first offender, in part, as "* * * anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." Appellant has been convicted of two felonies subsequent to his conviction in the Canton Municipal Court.
 {¶ 17} Accordingly, we conclude the trial court properly denied appellant's motion for expungement, under R.C.2953.32(C)(1), because there is no evidence of an agreement of bail forfeiture and appellant is not a first offender.
 {¶ 18} Appellant's First Assignment of Error is overruled.
 II {¶ 19} Appellant maintains, in his Second Assignment of Error, the application of R.C. 2953.36(C) violated the constitutional prohibition against ex post facto laws because that statute did not become effective until after his conviction of aggravated menacing in 1996. We disagree.
 {¶ 20} Effective March 23, 2000, the General Assembly amended R.C. 2953.36, adding subsection (C), precluding the expungement of certain violent convictions, including aggravated menacing, a misdemeanor of the first degree. In State v. LaSalle,96 Ohio St.3d 178, 2002-Ohio-4009, the Ohio Supreme Court held that:
 {¶ 21} "The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." Id. at paragraph two of the syllabus. Appellant filed his motion for expungement on November 3, 2003, following the amendment of R.C. 2953.36. Therefore, the version of R.C.2953.36 in effect at the time appellant filed his motion for expungement precluded the sealing of records of convictions for violence.
 {¶ 22} Appellant's Second Assignment of Error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
Judgment affirmed.
Farmer, P.J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.
Costs assessed to Appellant.