OPINION JUDGMENT ENTRY
{¶ 1} On October 29, 1995, in Case No. 95CRB01206 the appellant pled no-contest to one count of domestic violence, a misdemeanor of the first degree pursuant to R.C. 2919.25. The trial court sentenced appellant to complete counseling, a fine of $350.00, and a twenty-day jail sentence. The court suspended the jail time and placed the defendant on probation for a period of six months.
 {¶ 2} On October 30, 2004, appellant filed a motion to withdraw his no-contest plea pursuant to Crim. R. 32.1 and, in the alternative, an application to seal the record of his domestic violence conviction, together with his affidavit in support.
 {¶ 3} By judgment entry filed March 3, 2004, the trial court denied both motions without a hearing. The trial court found that appellant was placed on six months probation on October 15, 1995. His probation would have terminated on or about April 15, 1996. The trial court reasoned that the appellant could have filed an application to seal his record anytime after April 16, 1996 and before the statute was amended on March 23, 2000. The trial court found that it was appellant's own failure to act in a timely basis that prevented the record from being expunged at an earlier date. With respect to appellant's motion to withdraw the plea, the trial court found an application to seal a record of conviction as a separate remedy, completely apart from the criminal action, and is sought after the criminal proceeding to have been concluded. The court found that a mere change in a civil remedy totally separate from the record of conviction does not give rise to a claim that a defendant can withdraw his guilty plea nine years after his conviction.
 {¶ 4} Appellant timely filed a notice of appeal and set forth the following two assignments of error:
 {¶ 5} "I. The trial court erred and abused its discretion in failing to provide defendant-appellant with an evidentiary hearing on his application to seal the records and on the motion to withdraw his guilty plea, all contrary to the 5th AND 14th amendments to the constitution of the united states, Article I, Section 16 of the Ohio constitution.
 {¶ 6} "The trial court erred and abused its discretion in overruling defendant-appellant's motion to seal the records and in denying defendant-appellant's motion to withdraw his guilty plea, in violation of the 14th and 15th amendments to the constitution of the united states and article I, Section 2 and Article II, Section 26 and Article II, Section 28 of the Ohio constitution, and contrary to law."
 I. II. {¶ 7} In his two assignments of error, appellant maintains that the trial court erred by not conducting evidentiary hearings on his application to seal the record and on his post-sentence motion to withdraw his plea of no contest. Appellant further argues that the trial court erred by overruling his motion to seal the record and his motion to withdraw his plea. We disagree.
 {¶ 8} Appellant argues that R.C. 2953.36 — specifically, amended subsection (C), which prohibits the sealing of records of first-degree misdemeanor convictions involving offenses of violence, including domestic violence should not be retroactively applied so as to prohibit him from sealing the record in his case. R.C. 2953.36(C) went into effect on March 23, 2000. Statev. LaSalle (2002), 96 Ohio St.3d 178, 179, 772 N.E.2d 1172, 1174.
 {¶ 9} In State v. LaSalle, supra, the Ohio Supreme Court held "[s]ealing of a record of conviction pursuant to R.C.2953.32 is a post conviction remedy that is civil in nature.State v. Bissantz (1987), 30 Ohio St.3d 120, 121, 30 OBR 434,507 N.E.2d 1117. R.C. 2953.32(A)(1) provides that application to seal a record of conviction may not be filed until one year following the offender's final discharge if convicted of a misdemeanor or three years if convicted of a felony. In this regard, an application to seal a record of conviction is a separate remedy, completely apart from the criminal action, and is sought after the criminal proceedings have concluded. Statev. Wilfong (Mar. 16, 2001), Clark App. No. 2000-CA-75, 2001 WL 256326. See, generally, State v. Nichols (1984),11 Ohio St.3d 40, 11 OBR 188,463 N.E.2d 375. Therefore, it follows and we hold that the statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." Id. at paragraph 2 of the syllabus.
 {¶ 10} The trial court applied R.C. 2953.36 in effect at the time appellant filed his application as prohibiting as a matter of law appellant's eligibility to have his record sealed. (Judgment Entry, March 3, 2004 at 1). We have previously held "[b]ecause appellant was not eligible to have his conviction sealed, it was not error to enter judgment without hearing the merits of the motion." State v. Poole (February 21, 1996), 5th Dist. No. 1116. Accordingly, the trial court did not err in failing to conduct an evidentiary hearing on appellant's application to seal the record. Nor did the trial court err in overruling appellant's application to seal the record.
 {¶ 11} Turning to the second issue presented, Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. State v.Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus). A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 12} "A hearing on a post-sentence Crim.R. 32.1 motion is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn." State v. Wynn (1998),131 Ohio App.3d 725, 728, 723 N.E.2d 627, 629; State v. Blatnik (1984),17 Ohio App.3d 201, 204, 478 N.E.2d 1016, 1020.
 {¶ 13} The trial court in the case at bar found that appellant's motion to withdraw his guilty plea was made nine years after the plea had been accepted by the court. (Judgment Entry, March 3, 2004 at 2). The court further found that appellant had completed his sentence and was discharged from probation on or about April 15, 1996. (Id.). "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." State v. Smith
(1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph 3 of the syllabus.
 {¶ 14} Appellant does not argue that his plea was not knowing, intelligent and voluntary. His only argument is that the court was under a duty to advise him that the law concerning the sealing of records "may" change in the future. The appellant has cited no authority for imposing such a duty on the trial court. The trial court found no manifest injustice occurred because the appellant had nearly three (3) years before the change in the law which nullified his eligibility to have the record sealed. (Judgment Entry, March 3, 2004 at 1). Appellant took no action to seal the record citing an agreement not to pursue expungement that he had made with his wife to effectuate the couple's reconciliation. (Affidavit in Support of Motion to Withdraw Guilty Plea, January 30, 2004 at ¶ 5; 7).
 {¶ 15} "Whatever the action of the General Assembly in amending R.C. 2953.36, the fact remains that at the time the defendant entered his guilty plea, he did have the possibility of requesting that the record of that conviction be sealed. So regardless what amendments may have been enacted at a later date, the defendant was not misinformed of the law at the time he entered his plea and cannot now argue that his plea was unknowing." State v. Hartup (1998), 126 Ohio App.3d 768, 771,711 N.E.2d 315, 317.
 {¶ 16} In addition, appellant failed to present this court with the transcript of the original plea. Absent the transcript, we are unable to review the Crim.R. 11 exchange between the trial court and appellant. In Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, the Supreme Court of Ohio held the following:
 {¶ 17} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978),53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 18} "There is nothing in the record to suggest that defendant's decision to plead guilty gave any consideration whatsoever to the possibility that he might have the record of his conviction sealed at a later date. See State v. Davenport
(1996), 116 Ohio App.3d 6, 11, 686 N.E.2d 531, 534-535; State v.DeNardis (Dec. 29, 1993), Medina App. No. 2245, unreported, at 3, 1993 WL 548761. The court's Crim.R. 11(C) duty to advise an accused of the effect of a guilty plea simply does not incorporate any aspect of expungement, and, absent solid proof in the record, we will not infer defendant's intent. Notably, the right to expungement under R.C. 2953.32 is discretionary, even if the applicant meets the statutory prerequisites. See State v.Heaton (1995), 108 Ohio App.3d 38, 40, 669 N.E.2d 885, 886-887;State v. Mastin (1992), 83 Ohio App.3d 814, 615 N.E.2d 1084. Because expungement is ultimately discretionary with the court, the court has no duty to advise a person to consider this possibility before entering a plea. We therefore find Crim.R. 11(C) no bar to the application of amended R.C. 2953.36." Statev. Hartup, supra, at 771, 711 N.E.2d at 317-318.
 {¶ 19} Appellant's arguments that the application of the amended version of R.C. 2953.36 violates the ban on retroactive legislation and is volative of equal protection have been uniformly rejected by the courts that have considered those issues. State v. LaSalle, supra; State v. Hartup, supra; Statev. Davenport (1996), 116 Ohio App.3d 6, 686 N.E.2d 531; Statev. Poole, supra.
 {¶ 20} Upon review, we find the trial court did not abuse its discretion in denying the motion to withdraw guilty plea.
 {¶ 21} Appellant's first and second assignments of error are denied.
 {¶ 22} The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.
Gwin, P.J., Hoffman, J., and Wise, J., concur.
 {¶ 23} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed. Costs to appellant.