[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} After entering a guilty plea, defendant-appellant Maurice Stewart (who was then a minor bound over and tried as an adult) was convicted of one count each of rape, kidnapping, and gross sexual imposition. On January 21, 1999, Stewart was sentenced to serve the following terms: (1) nine years' imprisonment for rape, (2) nine years' imprisonment for kidnapping, and (3) four years' imprisonment for gross sexual imposition. The sentences were to be served concurrently, and Stewart was credited with having already served nine months. Stewart was also found to be a sexual predator at the sentencing hearing.[1]
 {¶ 3} On October 8, 2002, Stewart filed a motion to vacate his classification as a sexual predator. In his motion, he argued that, because the trial court did not have the benefit of the guidelines set forth in 2001 by the Ohio Supreme Court in State v. Eppinger,[2] a proper sexual predator hearing was not conducted in 1999, and that, as a result, he should be granted an Eppinger hearing. On December 31, 2002, the trial court (considering the motion to be a petition for reclassification under R.C. 2950.09(D)(1)) denied Stewart's motion to vacate. The court found that the "Motion to Vacate is without merit and the defendant-petitioner [Stewart] has not otherwise met the conditions set out in R.C. 2950.09(D)(1)." Stewart appeals from this entry.
 {¶ 4} In his sole assignment of error, Stewart maintains that the trial court erred in denying his motion. He argues that the trial court erred by failing to set aside his sexual-predator classification and by failing to hold a new sexual predator hearing that complied with theEppinger factors.
 {¶ 5} At the time Stewart filed his motion, R.C. 2950.09(D)(1) provided that an adjudicated sexual predator had the right to petition the trial court for an adjudication that he was no longer a sexual predator. In order to be reclassified under then-existing R.C. 2950.09(D)(1), the offender was required to establish by clear and convincing evidence that he was unlikely to commit a sexually-oriented offense in the future. The statute further provided that a defendant sentenced before January 1, 1997, "may file a petition not earlier than one year prior to releasefrom prison. [Emphasis added.]"[3]
 {¶ 6} On July 31, 2003, Senate Bill No. 5 ("S.B. 5"), an emergency piece of legislation, became effective. Of relevance here, S.B. 5 repealed the authority of the trial court to remove the sexual-predator classification of an offender under R.C. 2950.09(D), except in limited circumstances relating to a child adjudicated a delinquent child or to a person classified as a sexual predator based on a non-Ohio conviction. S.B. 5 also repealed the existing version of R.C. 2950.09.[4]
 {¶ 7} Due to the new legislation, we must first consider which version of R.C. 2950.09 applies here. In State v. LaSalle, the Ohio Supreme Court held that "[a]bsent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only."[5] While S.B. 5 repeals the authority of the trial court to remove a sexual-predator classification under R.C.2950.09(D), we find nothing to suggest that the Ohio legislature intended that this provision apply to a petition seeking to reclassify an adult sexual-predator determination made prior to its July 31, 2003, effective date. Thus, we evaluate Stewart's appeal under former R.C. 2950.09(D)(1) law as it existed at the time Stewart filed the motion to vacate his sexual-predator classification.
 {¶ 8} Pursuant to former R.C. 2950.09(D)(1)(a), a petitioner could file a petition for reclassification no earlier than one year prior to his release from prison. Stewart did not meet the R.C. 2950.09(D)(1)(a) requirement. In January 1999, Stewart was sentenced to serve nine years on two counts and four years on the third count. All three sentences were to be served concurrently. Because Stewart was credited with having already served nine months at the time of sentencing, he was eligible for release in April 2008. Stewart failed to offer anything that would allow for a determination whether he had otherwise become eligible under former R.C. 2950.09(D)(1)(a) to file a petition for reclassification. Thus, under former R.C. 2950.09(D)(1)(a), Stewart could file his motion for reclassification no earlier than April 2007. Having failed to meet the standards for pursuing reclassification under former R.C. 2950.09(D)(1)(a), Stewart's motion for reconsideration of his sexual-predator classification was not ripe for consideration by the trial court.
 {¶ 9} Here the trial court's disposition language indicates that it considered the merits of Stewart's motion. Specifically, the court stated that the motion was without merit and that Stewart had not met the conditions set out in R.C. 2950.09(D)(1), which relate to whether Stewart had established by clear and convincing evidence that he was no longer a sexual predator. Because the trial court did not have jurisdiction to entertain the merits of Stewart's motion, we must reverse the judgment of the trial court and remand it for further proceedings not inconsistent with this entry.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrant and Winkler, JJ.
[1] Stewart did not file a direct appeal from his conviction and sentence.
[2] See 91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881.
[3] R.C. 2950.09(D)(1)(a).
[4] See S.B. 5, Section 2.
[5] 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph one of the syllabus.