[Cite as *State v. K.O.*, 2024-Ohio-2582.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

     Plaintiff-Appellant,          :

                          :       Nos. 113368, 113369, and 113370

     v.                           :

K.O.,                                   :

     Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 3, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-94-310511, CR-94-315035, and CR-94-316149

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Rick L. Ferrara, Assistant Public Defender, *for appellee.*

LISA B. FORBES, J.:

{¶ 1} The State of Ohio appeals the trial court's judgment granting K.O.'s applications for sealing her record of conviction in two cases from 1994 and one case from 1995. After reviewing the facts of the case and pertinent law, we reverse the

trial court's decision and remand this case for proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 2} On October 6, 1994, K.O. pled guilty to drug trafficking in violation of R.C. 2925.03, a third-degree felony. On December 30, 1994, K.O. pled guilty to drug trafficking in violation of R.C. 2925.03, a third-degree felony. On January 17, 1995, K.O. pled guilty to drug trafficking in violation of R.C. 2925.03, a third-degree felony. To be clear, K.O. was convicted of a third-degree felony in three separate cases.

{¶ 3} On July 31, 2023, K.O. filed an application for sealing the record of conviction pursuant to R.C. 2953.32(B) in each of the three cases. The court held a hearing on all three of K.O.'s motions on November 6, 2023. The court granted the motions in all three cases the next day, and it is from these orders that the State appeals raising one assignment of error for our review.

> I. The trial court erred in expunging K.O.'s convictions, which were three felonies of the third degree.

## II. Law and Analysis

### A. Standard of Review

{¶ 4} Although we generally review the trial court's denial of an R.C. 2953.32 motion to seal the record of conviction under an abuse-of-discretion standard, the "determination of an applicant's status as an eligible offender is an issue of law reviewed under a de novo status." *State v. A.K.H.*, 2023-Ohio-220, ¶ 7 (8th Dist.).

**B. R.C. 2953.32**

{¶ 5} The Ohio Supreme Court has held that "the statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. Lasalle*, 2002-Ohio-4009, ¶ 19. The version of the statute that was in effect on July 31, 2023, when K.O. filed her applications for sealing her record of convictions, took effect in April 2023. As the statute has subsequently been amended, we will refer to the version of the statute at issue in this opinion as the "April 2023 version of R.C. 2953.32."

{¶ 6} The April 2023 version of R.C. 2953.32 provides, in pertinent part, as follows:

(A) Sections 2953.32 to 2953.34 of the Revised Code do not apply to any of the following:

. . .

(5) Convictions of . . . more than two felonies of the third degree . . . .

{¶ 7} In granting K.O.'s motions, the court found that K.O. was eligible to have her record of convictions sealed under the statute. Although the court made various specific findings concerning eligibility, the only issue being challenged on appeal is whether the April 2023 version of R.C. 2953.32(A)(5) applies to K.O.'s three convictions of third-degree felonies.

{¶ 8} K.O. argues that she is eligible to have her convictions sealed because "at no time were they charged and convicted together" in the same case. In other words, K.O. argues that the statute "allows for expungement of single F3s across different cases."

{¶ 9} The State, on the other hand, argues that "by the plain reading of the statute [K.O.] has more than two felonies of the third degree and does not qualify as an eligible offender." According to the State, the April 2023 version of R.C. 2953.32(B)(1)(a)(i) supports its reading of the statutory provision at issue, R.C. 2953.32(A)(5), because it refers to "one or two felonies of the third degree" when setting forth the timing when motions for sealing a record of conviction may be filed. "An application for sealing under this section may be made . . . at the expiration of three years after the offender's final discharge if convicted of one or two felonies of the third degree . . . ." This section of the former statute does not contemplate a scenario in which an applicant may file for sealing a record for three third-degree felonies.

{¶ 10} This precise issue was raised in *State v. J.W.G.*, 2024-Ohio-2071, ¶ 11 (8th Dist.). "Appellant contends that he is eligible to have his record of conviction sealed because the April 6, 2023 version of R.C. 2953.32(A)(5) should be interpreted to mean that an offender cannot apply for sealing or expungement if he or she has been convicted of more than two felonies of the third-degree *per case*." (Emphasis in original.) However, the *J.W.G.* Court did not resolve this issue. Instead, the *J.W.G.* Court concluded, "We find that it would be premature to consider whether appellant's convictions render him ineligible for expungement because the trial court did not hold a hearing on appellant's application, as is mandated by statute." *Id.* at ¶ 12. In the case at hand, the trial court did hold a hearing. Further research

reveals that no Ohio court has weighed in on the issue; thus, we consider it one of first impression.

{¶ 11} "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Acton Coupling & Equip.*, 2003-Ohio-1099, ¶ 12. "An unambiguous statute must be applied by giving effect to all of its language, without adding or deleting any words chosen by the General Assembly." *State v. Vanzandt*, 2015-Ohio-236, ¶ 7. On the other hand, if a statute is ambiguous, "we must then interpret the statute to determine the General Assembly's intent." *State v. Hairston*, 2004-Ohio-969, ¶ 13.

{¶ 12} The April 2023 version of R.C. 2953.32(A)(5) provides that R.C. 2953.32, which governs sealing a record of conviction, does not apply to "[c]onvictions of . . . more than two felonies of the third degree . . . ." Upon review, we find that the statutory language at issue is plain and unambiguous. K.O. would have us read into the statute the words "per case" to have her three third-degree felony convictions be eligible for sealing, because she has one third-degree felony conviction per case. Those additional words are simply not in the statute.

{¶ 13} The trial court erred as a matter of law by granting K.O.'s motions because her convictions are not eligible for sealing under the April 2023 version of the statute. Accordingly, the State's sole assignment of error is sustained.

{¶ 14} Judgment reversed and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN A. GALLAGHER, J., CONCUR