[Cite as *State v. U.T.*, 2024-Ohio-3197.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellant,         :  Nos. 113612, 113613, and 113614

    v.                           :

U.T.,                                    :

    Defendant-Appellee.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 22, 2024

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case Nos. CR-95-322754-B, CR-95-325697-ZA, and CR-95-331005-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Plaintiff-appellant, State of Ohio, appeals the trial court's judgment granting defendant-appellee U.T.'s application to seal the records of his three drug

trafficking convictions. The State raises one assignment of error for our review: "The trial court erred in expunging U.T.'s convictions, which were three felonies of the third degree." We find merit to the State's argument and reverse the trial court's judgment.

## I. Procedural History

{¶ 2} In January 1996, U.T. pleaded guilty to three drug trafficking charges in violation of R.C. 2925.03, all third-degree felonies, in three separate cases. Twenty-seven years later, in June 2023, U.T. filed an application for expungement of those three convictions pursuant to R.C. 2953.32(B).

{¶ 3} The trial court held a hearing on U.T.'s application in November 2023 and subsequently granted U.T.'s application. It is from this judgment from which the State now appeals.

## II. Law and Analysis

{¶ 4} In its sole assignment of error, the State argues that the trial court erred when it granted U.T.'s application to expunge his three felony drug trafficking convictions because the applicable statute prohibits the trial court from doing so. Specifically, the State contends that the version of R.C. 2953.32(A) that was in effect when U.T. filed his application does not permit expungement or sealing criminal records when an applicant has "more than two felonies of the third degree." *See* former R.C. 2953.32(A)(5) (effective April 6, 2023, to October 2, 2023).

{¶ 5} We review a trial court's decision to seal or expunge a record of conviction under an abuse-of-discretion standard. *State v. J.W.G.*, 2024-Ohio-2071, ¶ 6, citing *Bedford v. Bradberry*, 2014-Ohio-2058, ¶ 5 (8th Dist.). But whether an applicant is eligible for sealing or expungement is a question of law that we review de novo. *State v. V.S.*, 2017-Ohio-1565, ¶ 6 (8th Dist.), citing *Bradberry*.

{¶ 6} The statutory law in effect at the time of the filing of an R.C. 2953.32 application to expunge or seal a record of conviction is controlling. *State v. T.S.*, 2017-Ohio-7395, ¶ 8 (8th Dist.). U.T. filed his application in June 2023; therefore, the version of the statute in effect from April 6, 2023, to October 2, 2023, controls.

{¶ 7} The April 2023 version of R.C. 2953.32(A)(5) provides, in pertinent part, that expunging or sealing records of conviction do not apply to "[c]onvictions of a felony of the first or second degree or of more than two felonies of the third degree."

{¶ 8} U.T. argues that R.C. 2953.32(A)(5) prevents the expungement or sealing of more than two third-degree felony convictions "ONLY within a single case." (Emphasis in original.) He therefore maintains that because his three third-degree felony convictions were in separate cases, R.C. 2953.32(A)(5) does not apply.

{¶ 9} This court recently answered the exact question presented in this case regarding the April 2023 version of R.C. 2953.32(A)(5). In *State v. K.O.*, 2024-Ohio-2582 (8th Dist.), the applicant sought to have the records sealed of her three third-degree felony drug trafficking convictions, which occurred in three

separate cases. The applicant argued that under the April 2023 version of R.C. 2953.32(A)(5), "she [was] eligible to have her convictions sealed because 'at no time were they charged and convicted together' in the same case. In other words, K.O. argue[d] that the statute 'allows for expungement of single F3s across different cases.'" *Id.* at ¶ 8.

{¶ 10} We disagreed with K.O.'s interpretation of R.C. 2953.32(A)(5). We explained that the April 2023 version of R.C. 2953.32(A)(5) "does not contemplate a scenario in which an applicant may file for sealing a record for three third-degree felonies." *Id.* at ¶ 9. We stated that "[t]he April 2023 version of R.C. 2953.32(A)(5) provides that R.C. 2953.32, which governs sealing a record of conviction, does not apply to '[c]onvictions of . . . more than two felonies of the third degree[.]'" *Id.* at ¶ 12. We further concluded, "Upon review, we find that the statutory language at issue is plain and unambiguous. K.O. would have us read into the statute the words 'per case' to have her three third-degree felony convictions be eligible for sealing, because she has one third-degree felony conviction per case. Those additional words are simply not in the statute." *Id.*

{¶ 11} Like K.O., U.T. has three third-degree felony drug trafficking convictions. It is irrelevant whether those convictions originated from the same case or three separate cases. The statute is clear — an applicant is not entitled to expunging or sealing records of conviction if he or she has "more than two felonies of the third degree."

{¶ 12} The State's sole assignment of error is sustained.

{¶ 13} Judgment reversed, and case remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR