[Cite as *In re J.P.*, 2025-Ohio-2597.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

     Plaintiff-Appellant,           :

                                           No. 114632

     v.                             :

J.P.,                                    :

     Defendant-Appellee.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 24, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-02-424994

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellee.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Plaintiff-appellant the State of Ohio appeals from the trial court's November 5, 2024 judgment granting defendant-appellee J.P.'s motion for expungement. After careful review of the facts and pertinent law, we affirm.

**Procedural and Factual History**

{¶ 2} In 2002, appellee was charged in an 11-count indictment consisting of ten counts of pandering sexually oriented matter involving a minor and one count of possession of criminal tools. The charges stemmed from appellee's possession and reproduction of child pornography that he downloaded from the internet.

{¶ 3} On August 1, 2002, appellee pleaded guilty to two counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5), felonies of the fourth degree. The remaining counts were dismissed. The trial court sentenced appellee to 18 months on each count, to be served consecutively for an aggregate prison term of 36 months. The trial court also imposed a mandatory five-year term of postrelease control. At the time, appellee was not required to register as a sex offender.

{¶ 4} Appellee appealed, raising two sentencing issues; this court affirmed the sentence. *State v.* [*J.P.*], 2003-Ohio-3253 (8th Dist.). Appellee filed two postconviction petitions in the trial court, both of which were denied. In September 2023, appellee filed a motion to expunge his convictions. The trial court held a hearing on the motion on October 17, 2024. On November 5, 2024, the court issued its judgment granting expungement.

{¶ 5} At the expungement hearing, the State submitted a report from the FBI's investigation and the search warrant affidavit for appellee's computer. According to the FBI report, it began investigating an internet group called "The Candyman" in January 2001; appellee joined the group at that time. The group

stated it was "for people who love kids" and invited users to "post any type of message you like or any type of pics or vids you like to." The group's website had a "Files" section to allow members to post photos or videos for other members to download. There was also an email list that distributed every email sent to the group to every member. When a group member uploaded child sexual abuse material to the group, the images were then transmitted to every group member. According to the FBI's investigation, the videos and images uploaded to the website "consisted of prepubescent minors engaging in sexual activity, as well as images focused on the genitalia of nude minors, as well as child erotica."

{¶ 6} When interviewed by the FBI, appellee denied knowledge of the "Candyman" group but admitted to accessing the internet to view child sexual abuse material. Agents also discovered that appellee accessed an internet newsgroup named "binaries.asparagus." This group contained depictions of prepubescent males, some of whom were engaged in sexual activity. Appellee denied downloading the images onto his computer, but acknowledged that there were approximately 50 visual depictions of child sexual abuse material on his computer.

{¶ 7} According to the search warrant affidavit, on February 6, 2001, when appellee was subscribed to the "Candyman" group, the group distributed two images. One depicted a nude female child, believed to be approximately ten years of age, performing oral sex on an adult male. The second image showed the same child masturbating the adult male. Several images of child sexual abuse material were discovered on appellee's hard drive. Additionally, the search warrant affidavit

clarified that appellee admitted that he had accessed the "binaries.asparagus" group but denied membership in the "Candyman" group, despite the appearance of his email address in the group's list of members.

**{¶ 8}** Appellee addressed the court at the expungement hearing. He made statements that could be construed as downplaying his crimes and questioning the integrity of the judicial process. Appellee also explained what he believed to be the underlying reason for his crimes. He told the court that he was abused at the age of 14 and later, at the age of 16, told his mother about it. His mother was concerned, but did not do anything about it. According to appellee, his mother was "old school, and in the black community they didn't believe in counseling. . . . And as a black teen, a male, you don't discuss it . . . because it labels you as weak, or sometimes, you know, in the inner city, gay."

**{¶ 9}** Appellee acknowledged that the expungement hearing was not the forum to relitigate his case, however. He expressed remorse and stated that he "learned through counseling that although it wasn't [his] intent to harm anybody, viewing these picture traumatized the victims all over again." He described that as "devastating" to him. Appellee further stated that over the years he has been able to identify his "triggers" and how to cope with them. Both appellee and his counsel told the court about various job opportunities he attempted to pursue, unsuccessfully, because of the subject conviction. They both also described the success appellee had with job opportunities in California, a state that limits a "lookback" period of criminal convictions to seven or eight years.

{¶ 10} Further, appellee's counsel stated that, although he did not feel it was "particularly productive" to discuss the facts surrounding the underlying conviction, he understood why appellee mentioned them — specifically, because the State focused on them in its brief in opposition to appellee's motion and appellee felt the need to "defend himself."

{¶ 11} The trial court found appellee's argument "articulate," "intelligent," and that he had "come a long way since this incident," noting achievements he made since his conviction. Further, the court stated that it was "very familiar" with the counsel and trial judge involved in appellee's plea, as well as "what was happening" at the time of his plea. The court stated it had "to look at a couple of things" "to make sure I do my job thoroughly."

{¶ 12} On November 5, 2024, the trial court issued its judgment granting appellee's motion for expungement. In its judgment, the trial court found (1) appellee to be an eligible offender under R.C. 2953.31(A), (2) that appellee did not have any pending criminal charges against him, (3) that appellee had been rehabilitated to the satisfaction of the court, and (4) that appellee's interest in having his record expunged was not outweighed by the State's interest in maintaining it.

{¶ 13} The State now presents the following sole assignment of error for our review: "The trial court erred when it granted Appellee's motion to expunge his record of conviction."

**Law and Analysis**

{¶ 14} Generally, we review a trial court's disposition of an application for expungement under an abuse-of-discretion standard. *State v. M.E.*, 2018-Ohio-4715, ¶ 6 (8th Dist.). However, whether an applicant is considered an eligible offender under R.C. 2953.32 is an issue of law that we review de novo. *Id.*, citing *State v. M.R.*, 2010-Ohio-6025, ¶ 15 (8th Dist.), citing *State v. Futrall*, 2009-Ohio-5590, ¶ 6.

{¶ 15} The State challenges the trial court's decision on two grounds: (1) that appellee was ineligible, which requires a de novo review, and (2) that appellee had not been rehabilitated, which requires a review for abuse of discretion.

{¶ 16} Reviewing eligibility under a de novo standard means we independently analyze the record while giving no deference to the trial court's decision. *Johnson v. Am. Italian Golf Assn. of Columbus*, 2018-Ohio-2100, ¶ 13 (10th Dist.). The State contends that appellee was ineligible under R.C. 2953.32(A)(1)(d), which prohibits expungement of "[c]onvictions of an offense in circumstances in which the victim of the offense was less than thirteen years of age[.]" The State bases its ineligibility contention on the FBI report that an image of girl "approximately ten years old" was shared to the "Candyman" group while appellee was a member and that the "binaries.asparagus" group shared images of "prepubescent" males; the State contends prepubescent means less than 13 years of age, at least for girls. The State concedes, however, that the "victims here were not

identified, and their dates of birth are not known[,]" and that the "ages of the children in the images are not established . . . ." Appellant's brief, p.8.

{¶ 17} In sexual crimes committed against children less than 13 years old, age is an element of the offense. *See State v. Dew*, 2024-Ohio-69, ¶ 35; *State v. Schwarzman*, 2014-Ohio-2393, ¶ 16 (8th Dist.); *State v. Nelson*, 1989 Ohio App. LEXIS 147 (8th Dist. 1989). "'The state bears the burden to prove each element of the charged crime beyond a reasonable doubt.'" *State v. Kyles*, 2023-Ohio-2691, ¶ 19, quoting *Strongsville v. Eskander*, 2009-Ohio-5370, ¶ 13 (8th Dist.). Here, the State has admitted that the record does not affirmatively establish the ages of the victims. Thus, we find its contention that appellee was an ineligible offender because the victims were under the age of 13 without merit.

{¶ 18} Regarding rehabilitation, as mentioned, we review for an abuse of discretion. A court abuses its discretion when it exercises its judgment in an unwarranted way with respect to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 19} The State contends that appellee did not express sincere remorse because he made statements that could be construed as downplaying his crimes and questioning the integrity of the judicial process. The trial court was best positioned to evaluate appellee's genuineness. *See, e.g., State v. Dudley*, 2009-Ohio-5064, ¶ 22 (11th Dist. ) ("[A] reviewing court must defer to the trial court as to whether a defendant's remarks are indicative of genuine remorse because it is in the best position to make that determination.").

{¶ 20} Appellee expressed remorse and stated that he "learned through counseling that although it wasn't [his] intent to harm anybody, viewing these pictures traumatized the victims all over again." He described that as "devastating" to him. Appellee further stated that over the years he has been able to identify his "triggers" and how to cope with them. The trial court found appellee's argument "articulate," "intelligent," and that he had "come a long way since this incident," noting achievements he made since his conviction.

{¶ 21} In regard to appellee's statement questioning counsel involved in his plea, the trial judge who accepted his plea, and the circumstances of his plea, the court appeared to find at least some merit to appellee's argument, stating that it was "very familiar" with the counsel and trial judge involved in appellee's plea, as well as "what was happening" at the time of his plea.

{¶ 22} On this record, we cannot say that the trial court abused its discretion by finding that appellee had been rehabilitated. The record demonstrates that since his conviction in 2002, appellee has led a law-abiding, productive life and engaged in counseling to recognize and manage his "triggers." He expressed remorse for his actions. We decline to adopt the State's belief that appellee's exercise of his appellate rights and postconviction proceedings demonstrate otherwise. Those were his rights, and his reasonable exercise of them should not be held against him. Further, the record demonstrates that appellee's interest in having his record expunged was not outweighed by the State's interest in maintaining it.

{¶ 23} In light of the above, we find the State's assignment of error without merit and hereby overrule it.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
EMANUELLA D. GROVES, J., CONCUR