[Cite as *State v. D.L.L.*, 2025-Ohio-4956.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                    :

    v.                                                  :                No. 115025

D.L.L.,                                                 :

    Defendant-Appellant.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** October 30, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-96-338340-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Tyler W. Blair, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant D.L.L., appeals the trial court's denial of his application for expungement. The State agrees that the trial court erred in finding that D.L.L.'s offenses were not eligible for expungement. Upon review, we vacate

the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

## I.    Facts and Procedural History

{¶ 2}    In July 1996, D.L.L. entered guilty pleas for two fourth-degree felonies: (1) failure to comply with an order or signal of a peace officer, with specifications, in violation of R.C. 2921.331, and (2) receiving stolen property, that being a motor vehicle, in violation of R.C. 2913.51.  In December 2024, D.L.L. filed an application for expungement.  The trial court ordered an expungement investigation report and set the matter for a hearing.  The State filed a responsive brief, advising that it did not oppose the application, D.L.L.'s offenses were eligible for expungement, and it waived its right to a hearing.

{¶ 3}    In April 2025, the trial court held several expungement and record-sealing hearings.  The trial court advised that D.L.L.'s two fourth-degree-felony convictions were not eligible for expungement since he had two third-degree-felony convictions along with "numerous other felony and misdemeanor convictions."  The trial court explained that "people have been trying to essentially get around [the expungement statute] and apply for expungement on lower felonies so that they can become eligible for the felonies of the third degree.  But the problem is that that's kind of like backdooring it and . . . essentially forum shop[ping] and trick[ing] the [c]ourt."  The trial court stated that it denied expungement applications employing such tactics because "that's not what the legislature . . . intended" and it would not "engage in that type of subversion" of the statute.  While defense counsel offered

arguments in response to the trial court's contentions, D.L.L. was not afforded the opportunity to present any information regarding his expungement eligibility. Nor was the State involved in the limited proceedings. The trial court subsequently denied D.L.L.'s expungement application, finding that the "petitioner [wa]s not eligible."

{¶ 4} D.L.L. appeals, raising a single assignment of error for review.

**Assignment of Error**

The trial court erred in finding that [D.L.L.] was not eligible for an expungement.

## II. Law and Analysis

{¶ 5} In his sole assignment of error, D.L.L. challenges the trial court's finding that he was not an eligible offender for the purpose of expunging his two fourth-degree-felony convictions. D.L.L. argues that the decision does not follow the text of Ohio's expungement law or the legislature's campaign to expand expungement eligibility. D.L.L. asserts that "[t]he trial court's issue with D.L.[L.] is not his two [fourth-degree-felony] convictions, but rather two [third-degree-felony] convictions that were not before the court." The State agrees, conceding that the trial court erred when it "made an unsupported interpretation of the plain language of an unambiguous statute."

{¶ 6} Whether an applicant is considered an eligible offender under R.C. 2953.32 is an issue of law and therefore, analyzed under a de novo standard of review. *State. v. J.P.*, 2025-Ohio-2597, ¶ 14 (8th Dist.), citing *State v. M.E.*, 2018-

Ohio-4715, ¶ 6 (8th Dist.), citing *State v. M.R.*, 2010-Ohio-6025, ¶ 15 (8th Dist.), citing *State v. Futrall*, 2009-Ohio-5590, ¶ 6. "Reviewing eligibility under a de novo standard means we independently analyze the record while giving no deference to the trial court's decision." *Id.* at ¶ 16. Matters of statutory construction also present questions of law and are reviewed de novo. *State v. J.B.*, 2025-Ohio-3143, ¶ 14 (8th Dist.).

{¶ 7} In reviewing D.L.L.'s December 2024 application for expungement under R.C. 2953.32, we reference the version of the statute that was in effect at the time of the application's filing — in this case, the version effective from October 3, 2023, to March 19, 2025 ("Former R.C. 2953.32"). *State v. Lasalle*, 2002-Ohio-4009, ¶ 19. Former, subsequent, and current R.C. 2953.32(B)(1) establish that, under certain circumstances, "an eligible offender may apply to the sentencing court . . . for the sealing or expungement of the record of the case that pertains to the conviction, except for convictions listed in [R.C. 2953.32(A)(1)]." Former R.C. 2953.32(A)(1) provides:

> (A)(1) Sections 2953.32 to 2953.34 of the Revised Code do not apply to any of the following:
>
> (a) Convictions under Chapter 4506., 4507., 4510., 4511., or 4549., of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters;
>
> (b) Convictions of a felony offense of violence that is not a sexually oriented offense;

(c) Convictions of a sexually oriented offense when the offender is subject to the requirements of Chapter 2950 of the Revised Code or Chapter 2950 of the Revised Code as it existed prior to January 1, 2008;

(d) Convictions of an offense in circumstances in which the victim of the offense was less than thirteen years of age, except for convictions under section 2919.21 of the Revised Code;

(e) Convictions of a felony of the first or second degree;

(f) Except as provided in division (A)(2) of this section, convictions for a violation of section 2919.25 or 2919.27 of the Revised Code or a conviction for a violation of a municipal ordinance that is substantially similar to either section;

(g) Convictions of a felony of the third degree if the offender has more than one other conviction of any felony or, if the person has exactly two convictions of a felony of the third degree, has more convictions in total than those two third[-]degree[-]felony convictions and two misdemeanor convictions.[1]

{¶ 8} Having identified the relevant statute, we now turn to the rules of statutory construction. "The primary goal of statutory construction is to ascertain and give effect to the legislature's intent, as expressed in the plain meaning of the statutory language." (Cleaned up.) *J.B.* at ¶ 17. When "'statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said'" and, as a general rule, apply the statute as written without further interpretation. *State v. K.O.*, 2024-Ohio-2582, ¶ 11 (8th Dist.), quoting *Jones v. Action Coupling & Equip.*, 2003-Ohio-1099, ¶ 12; *J.B.* at ¶ 17, citing *Sumlin* at ¶ 19.

---

[1] We note that both parties reference R.C. 2953.32(A)(1)(h) in their appellate briefs. R.C. 2953.32(A)(1)(h) first appeared in subsequent versions of the statute, remains current, and contains the same language as Former R.C. 2953.32(A)(1)(g) cited herein.

{¶ 9} Upon review, we find that the statutory language of Former R.C. 2953.32(A)(1) conveys a clear and definite list of exceptions and plainly and unambiguously enumerates the convictions that are ineligible for expungement. Accordingly, the trial court was required to apply the statute as written and any further interpretation of legislative intent was unwarranted. Indeed, the Ohio Supreme Court has held "that '"it is the role of the legislature to address the statutory scheme on sealing records[,]"'" and "'a court may not deviate from the requirements of a statute simply because it would prefer that the statute had been written differently.'" *J.B.* at ¶ 14, quoting *State v. G.K.*, 2022-Ohio-2858, ¶ 27, quoting *State v. Radcliff*, 2015-Ohio-235, ¶ 36.

{¶ 10} Based on the plain language of Former R.C. 2953.32(A)(1), the two fourth-degree-felony convictions that D.L.L. sought to expunge are clearly not excluded; the statute does not prohibit the sealing or expunging of fourth-degree-felony convictions in relation to third-degree-felony convictions when the fourth-degree-felony convictions are nonviolent and otherwise eligible for expungement. Accordingly, the trial court erred in finding that D.L.L.'s two fourth-degree-felony convictions were not eligible for expungement. Since the trial court incorrectly determined D.L.L. was an ineligible offender based on its interpretation of excluded convictions alone and did not determine whether he was otherwise ineligible under other statutory requirements and considerations, we remand the matter to the trial court for further proceedings.

{¶ 11} Judgment vacated, and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR