[Cite as *State v. T.T.*, 2026-Ohio-350.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                           :

      Plaintiff-Appellee,           :                    No. 115127

      v.                                       :

T.T.,                                           :

      Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** February 5, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-07-491279-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Tyler W. Blair and Anthony Miranda, Assistant
Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Thomas T. Lampman, Assistant Public Defender, *for
appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant T.T. appeals from the trial court's denial of his

motion for expungement upon finding he is not eligible.  The State agrees that this

was error. Upon review, we find that T.T. is an eligible offender for expungement under R.C. 2953.32. We vacate the trial court's judgment, and we remand the matter for a hearing to determine whether T.T. has been rehabilitated to the satisfaction of the court.

{¶ 2} In November 2024, T.T. filed a motion for expungement of criminal record. T.T. sought to expunge his 2007 felony convictions in this case, which include a fourth-degree felony for trafficking in drugs and a fifth-degree felony for possessing criminal tools. The trial court ordered an expungement investigation report and set the matter for a hearing.

{¶ 3} On April 14, 2025, the trial court called the case for hearing and heard from counsel for T.T. It appears from the transcript that T.T. was advised by his counsel not to be present because his counsel would be moving to withdraw the motion in order to "refile under the new statute." The trial court noted T.T. has a conviction for a third-degree felony trafficking offense in another case and that he had been granted an expungement in two other felony cases. The trial court expressed concerns with the new legislation for sealing records and expungement and with the piecemeal filings occurring, and the trial court also observed that "under any of the laws . . . you're knocking off these lower levels and then all of a sudden you become eligible" to expunge the third-degree felony. T.T.'s counsel then requested that the court proceed to issue its ruling on the motion, and the trial court denied the motion. In the journal entry, the trial court found T.T. "is not eligible."

**{¶ 4}** Following the trial court's ruling, the State filed a response in which it expressed the State's view that "[t]his case is eligible for expungement pursuant to R.C. 2953.32." The State also indicated that it "waives the right to a hearing on the motion."

**{¶ 5}** On May 13, 2025, T.T. timely appealed the trial court's ruling. Under his sole assignment of error, T.T. claims the trial court erred in finding he was not eligible for an expungement in this case. T.T. argues that former R.C. 2953.32(A)(1) does not prohibit the expungement of fourth- and fifth-degree felony convictions when the applicant also has a third-degree felony conviction in another case. The State agrees that the trial court erred.

**{¶ 6}** Our review of the trial court's decision is de novo. *See State v. D.L.L.*, 2025-Ohio-4956, ¶ 6 (8th Dist.), citing *State v. J.P.*, 2025-Ohio-2597, ¶ 14 (8th Dist.). The Supreme Court of Ohio has held that "the statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. Lasalle*, 2002-Ohio-4009, ¶ 19. As such, the version of R.C. 2953.32 that was effective from October 3, 2023, to March 19, 2025 ("former R.C. 2953.32"), is applicable in this matter.

**{¶ 7}** We find the plain and unambiguous language of former R.C. 2953.32 does not exclude fourth- or fifth-degree felony convictions from expungement eligibility based on the existence of a third-degree felony conviction in a different case. To that end, we are bound to adhere to the plain and unambiguous language of the statute.

{¶ 8} As this court has previously observed:

Former, subsequent, and current R.C. 2953.32(B)(1) establish that, under certain circumstances, "an eligible offender may apply to the sentencing court . . . for the sealing or expungement of the record of the case that pertains to the conviction, except for convictions listed in [R.C. 2953.32(A)(1)]."

. . .

[T]he statutory language of Former R.C. 2953.32(A)(1) conveys a clear and definite list of exceptions and plainly and unambiguously enumerates the convictions that are ineligible for expungement. Accordingly, the trial court was required to apply the statute as written and any further interpretation of legislative intent was unwarranted.

*D.L.L.* at ¶ 7-9.

{¶ 9} As argued by T.T., based on the plain language of former R.C. 2953.32(A)(1), the fourth- and fifth-degree felony convictions that he is seeking to expunge are clearly not excluded from sealing or expungement. The State agrees the trial court erred because a plain reading of the statute permits expunging the lower-level felonies involved in this case. As argued by the State, though R.C. 2953.32(A)(1)(h) contemplates excluding from sealing or expungement "[c]onvictions of a felony of the third degree if the offender has more than one other conviction of any felony[,]" nothing in the statute prohibits the trial court from sealing or expunging fourth- or fifth-degree felonies in relation to a third-degree felony in a different case.

{¶ 10} Though we understand the concerns raised by the trial court were well intended, it is not within the province of the courts to deviate from the requirements of R.C. 2953.32 based on their own interpretation of legislative intent.

As the Supreme Court of Ohio has expressed, "it is the role of the legislature to address the statutory scheme on sealing records," and "[a] court may not deviate from the requirements of a statute simply because it would prefer that the statute had been written differently." (Cleaned up.) *State v. G.K.*, 2022-Ohio-2858, ¶ 27.

{¶ 11} Accordingly, the trial court erred as a matter of law in finding T.T. is not an eligible offender in this case. The first assignment of error is sustained. Though we find T.T. is an eligible offender for expungement in this case, we remand the matter to the trial court for a hearing to determine whether T.T. has been rehabilitated to the satisfaction of the court.

{¶ 12} Judgment vacated, and case remanded with instructions.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)